[Civ. No. 17467.   First Dist., Div. One.   Jan. 10, 1958.]

WILLIAM MULLER, Appellant, v. LELAH MULLER, Respondent.

William Muller, in pro. per., for Appellant.

Charles Reagh for Respondent.

McMURRAY, J. pro tem.*—Plaintiff appeals from a judgment after demurrer of the defendant to the third amended and supplemental complaint of the plaintiff was sustained without leave to amend. Appellant had appealed upon a clerk's transcript requesting the preparation of the following: "1) Third Amended and Supplemental Complaint for Cancellation and Recission [sic] of Deed for Fraud and Deceit; For Reconveyance; For Want of Consideration; And to Remove a Cloud (FILED March 9, 1956) 2) Demurer [sic] of LELAH MULLER to Third Amended Complaint of WILLIAM MULLER (FILED on or about March 16, 1956) (Do Not Include Memorandum of Points & Authorities) 3) JUDGMENT (FILED June 13, 1956.)"

Plaintiff has filed briefs containing innumerable citations of cases, none of which are here in point and will, therefore, not be set out to further encumber this record.

At the time of oral argument the record was ordered augmented to require the inclusion of the complaint, the first amended complaint, the demurrer to the first amended complaint, the second amended and supplemental complaint and the demurrer thereto. Appellant bitterly complains of this augmentation, accusing this court of subverting the ends of justice, although stating this grievance in more detail and with abundantly more prolixity. Whatever and however the appellant may feel regarding the augmentation of the record on appeal, we feel bound by the provisions of the Rules on

*Assigned by Chairman of Judicial Council.

Appeal contained in rule 12a, which permits a court, on suggestion of any party or on its own motion, to augment the record on appeal to include any matter of record in the trial court which may be necessary to a full determination of an appeal. The plaintiff's several complaints are repetitious, querulous, obscure and argumentative. Aside from these faults, however, it appears that the plaintiff, in his third amended complaint, failed to disclose the name of one Arnov, who appears on the face of the complaint and second amended and supplemental complaint as being the holder of the legal title to the property which is the subject of the action. ■ The law is too well settled to require any extensive citation of authorities that one may not cure a defect in a complaint by the omission, after earlier disclosure in another pleading, of the defective allegation in a subsequent complaint pertaining to the same cause of action. (*Zakaessian* v. *Zakaessian*, 70 Cal.App.2d 721, 724 [161 P.2d 677], and *Lee* v. *Hensley*, 103 Cal.App.2d 697, 704 [230 P.2d 159], and the cases there cited.)

■ By the express terms of section 430, subdivision 4 of the Code of Civil Procedure a defect of parties plaintiff is a ground for demurrer. This ground was urged by defendant in each demurrer. The trial court in ruling on the demurrer to the third amended complaint had before it the original complaint and the second amended and supplemental complaint, the allegations of which it was bound to consider under the Zakaessian case (*supra*). Under the authority of *Vanasek* v. *Pokorny*, 73 Cal.App. 312 [238 P. 798], we think Arnov was a necessary party.

The other contentions of plaintiff need not be here considered, since viewing the whole record and the appellant's attempt to now conceal knowledge which he disclosed in an earlier complaint, and further considering the fact that this was his third amended complaint, we are of the opinion that the trial court acted properly in sustaining the demurrer without leave to amend, and the judgment is therefore affirmed.

Peters, P. J., and Bray, J., concurred.

A petition for a rehearing was denied February 7, 1958, and appellant's petition for a hearing by the Supreme Court was denied March 6, 1958.