[Civ. No. 18390. First Dist., Div. One. Oct. 19, 1959.]

WILLIAM MULLER, Appellant, v. LELAH MULLER, Respondent.

William Muller, in pro. per., for Appellant.

Charles Reagh for Respondent.

THE COURT.—On a prior appeal herein, because of the inadequacy of the record, it was ordered augmented to include some additional pleadings. (*Muller* v. *Muller,* 156 Cal.App.2d 623 [320 P.2d 205].) Because of plaintiff-appellant's bitter complaints at the time, the burden of augmentation as ordered by the court was placed upon the respondent.

Successful on the prior appeal, defendant-respondent was awarded her costs. Thereupon she filed her cost bill in the sum of $8.50, consisting of the sum of $8.00 paid to the county clerk of San Mateo County for certifying and comparing the aforementioned documents, and a 50-cent notary fee for verification of the cost bill. From a denial of his motion to tax costs plaintiff has again appealed.

Appellant's sole contention appears to be that the items in question are not recoverable because they are not mentioned in rule 26(c), Rules on Appeal, or section 1034 of the Code of Civil Procedure. There is no basis whatever for such contention. ■ As we pointed out in the prior appeal herein (*Muller* v. *Muller,* 156 Cal.App.2d 623, 624-625 [320 P.2d 205]), rule 12(a), Rules on Appeal, permits a court, on suggestion of any party or on its own motion, to augment the record on appeal to include any matter of record in the trial court which may be necessary to a full determination of an appeal. When transmitted to the appellate court such matter ''shall be deemed a part of the record on appeal.''

■ Rule 26(c), Rules on Appeal, provides in part that ''The party to whom costs are awarded may recover . . . when actually incurred: (1) the cost of preparation of an original and one copy of any type of record on appeal authorized by these rules . . .; and (4) filing and notary fees. . . .'' The item of $8.00 falls squarely within rule 26(c), subsection (1) above set forth, while the item of 50 cents is covered by rule 26(c), subsection (4), and Government Code, section 8211, subdivision (g).

Section 26837 of the Government Code fixes the fee to be charged by the county clerk for comparing any document

with the original on file at 5 cents per folio. Section 26831 of the same code fixes the fee to be charged by the county clerk for preparing a first copy of a record, proceeding or paper on file in his office at 20 cents per folio.

The record in the prior appeal, of which we take judicial notice, discloses that the documents in question aggregate not less than 160 folios. The authorized charges for comparing such documents would be the sum of $8.00. The charge for "preparing a first copy" of such documents on the other hand would be $32. The failure of respondent to claim the additional sum is explained by her counsel by the statement in his brief that the copying was done by his own secretary.

In *Muller* v. *Muller*, 141 Cal.App.2d 722 [297 P.2d 789]—one of the appellant's many other appeals—Mr. Justice Peters speaking for this court pointed out to him at page 732, that merely because an "appellant is appearing in propria persona that affords no excuse for permitting him to abuse the legal processes. A litigant appearing in propria persona is entitled to the same, but no greater, consideration than other litigants and attorneys."

In most of his many appearances before this court appellant has raised only questions of doubtful debatability.* Since the instant appeal represents the acme of frivolity, it becomes clearly the duty of this court to exercise the power conferred by section 957 of the Code of Civil Procedure, and rule 26, Rules on Appeal, and take steps to discourage like conduct in the future.

The order is affirmed and the sum of $50 is assessed against appellant as a penalty in addition to costs on appeal.

---

*Muller* v. *Muller*, 141 Cal.App.2d 722 [297 P.2d 789]; *Muller* v. *Reagh*, 148 Cal.App.2d 157 [306 P.2d 593]; *Muller* v. *Muller*, 156 Cal. App.2d 623 [320 P.2d 205]; *Muller* v. *Reagh*, 170 Cal.App.2d 151 [338 P.2d 601]; *Muller* v. *Reagh*, 173 Cal.App.2d 1 [343 P.2d 135]; *Muller* v. *Robinson*, *ante*, p. 511 [345 P.2d 25].