108 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth Eugene GAGE, Plaintiff-Appellant,
v.
M. TRISTAN, Folsom Prison Official, Defendant-Appellee.
 No. 96-15659.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 19, 1996.*
Decided Feb. 21, 1997.
 
 Before: CHOY, SNEED, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Kenneth Eugene Gage appeals pro se the district court's grant of summary judgment in favor of appellee Tristan in Gage's 42 U.S.C. § 1983 action. The appeal requires this court to determine whether the district court erred by finding that Gage's action was barred by collateral estoppel arising from a prior state court action. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 Gage was convicted, in 1979, of first degree murder with special circumstances and sentenced to life without possibility of parole, plus two years. This appeal concerns prison officials' 1991-92 confiscation of Gage's trial notes and jury survey data.
 
 
 4
 After completing the inmate appeals process, Gage filed a petition for writ of habeas corpus in the Superior Court of the State of California, Sacramento County. Gage alleged that prison officials lacked authority to declare as contraband and confiscate his trial notes and jury survey data and that the confiscation of jurors' addresses violated his freedom of speech and association rights under the state and federal constitutions. The superior court denied Gage's petition on July 7, 1992.
 
 
 5
 Gage filed a petition for writ of habeas corpus with the Court of Appeal of the State of California, Third Appellate District. On January 6, 1994, the court of appeal denied the petition without comment, citing In re Clark, 5 Cal.4th 750, 782-83, 21 Cal.Rptr.2d 509, 530 (1993), which requires a petitioner to justify any substantial delay in filing a habeas corpus petition.
 
 
 6
 Gage petitioned the California Supreme Court on April 4, 1994, and the supreme court denied the petition without comment or citation on November 30.
 
 
 7
 On October 3, 1994, Gage filed an amended complaint in the United States District Court for the violation of various constitutional rights "guaranteeing freedom of speech and association and right to petition the government for redress of grievances." Gage claimed that prison officials improperly confiscated his jury data, effectively halting his pursuit of post-conviction remedies. In a motion for summary judgment, appellee Tristan argued that Gage's claims were barred by collateral estoppel because they were litigated fully in California state court. Gage argued that his claims were not barred because: (1) the state court lacked subject matter jurisdiction, (2) the state court lacked jurisdiction over the parties, (3) his claims were not acknowledged or actually litigated in state court, (4) collateral estoppel cannot rest upon unfair and inadequate state proceedings, and (5) Tristan failed to meet the burden of proof for collateral estoppel to apply. On March 26, 1996, the district court adopted the findings and recommendations of a magistrate judge and granted Tristan's motion for summary judgment.
 
 
 8
 Gage timely appealed to this court on April 3, 1996.
 
 STANDARD OF REVIEW
 
 9
 The district court's grant of summary judgment on the ground of collateral estoppel is reviewed de novo. Miller v. County of Santa Cruz, 39 F.3d 1030, 1032 (9th Cir.1994), cert. denied, 115 S.Ct. 2613 (1995).
 
 DISCUSSION
 A. Legal Standards
 
 10
 Collateral estoppel, or issue preclusion, prevents relitigation of all "issues of fact or law that were actually litigated and necessarily decided in a prior proceeding against the party who seeks to relitigate the issues." Hawkins v. Risley, 984 F.2d 321, 325 (9th Cir.1993) (quoting Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir.1988)).
 
 
 11
 Federal courts give preclusive effect to issues decided by state courts when a party from a prior state court proceeding attempts to relitigate identical issues in a subsequent federal proceeding. Allen v. McCurry, 449 U.S. 90, 96 (1980). A state habeas proceeding decided on the merits can be the basis for precluding a section 1983 action in federal court "if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards." Silverton v. Department of Treasury, 644 F.2d 1341, 1347 (9th Cir.1981), cert. denied, 454 U.S. 895 (1981).
 
 
 12
 To determine the preclusive effect of the prior state habeas judgment on a subsequent section 1983 claim, this court looks to California law. See Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist., 750 F.2d 731, 736 (9th Cir.1984) (en banc), cert. denied, 474 U.S. 919 (1985); 28 U.S.C. § 1738. According to California law, five threshold factors must be considered when determining whether collateral estoppel applies: (1) "the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding;" (2) the issue "must have been actually litigated in the former proceeding;" (3) "it must have been necessarily decided in the former proceeding;" (4) "the decision in the former proceeding must be final and on the merits;" and (5) "the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." Branson v. Sun-Diamond Growers of Cal., 29 Cal.Rptr.2d 314, 324 (Cal.App. 3d Dist.1994) (quoting Lucido v. Superior Court, 272 Cal.Rptr. 767, 769 (1990) (in bank), cert. denied, 500 U.S. 920 (1991)).
 
 B. Analysis
 
 13
 Gage presents the same claim of illegal confiscation of jury information to the federal court as he presented to the state habeas court. Furthermore, there is no contention that the claim was not necessarily decided in state court or that the parties in the federal action differ from those in the state action. Therefore, collateral estoppel will bar Gage from presenting his claims in federal court unless we find that Gage's claims were not actually litigated or that the state court judgment was not on the merits.
 
 1. Actually Litigated
 
 14
 In People v. Sims, 186 Cal.Rptr. 77 (1982), the California Supreme Court held that an issue is actually litigated when it is properly raised by the pleadings or otherwise, is submitted for determination and is actually determined. Id. at 87; Younan v. Caruso, 59 Cal.Rptr.2d 103, 106 (Cal.App.1996). It further stated that a "determination may be based on a failure of proof." Sims, 186 Cal.Rptr. at 87.
 
 
 15
 Here, the state superior court found that Gage's allegations were not sufficiently compelling to justify the issuance of an order to show cause. It therefore did not issue an order to show cause and did not hold an evidentiary hearing. But the issues were raised in Gage's habeas petition. The district court, in adopting the magistrate judge's recommendation, properly held that the claims were actually litigated even though there was no hearing because Gage had presented his arguments in the petition and the state court had considered those arguments and determined that Gage failed to establish a prima facie case. See Sims, 186 Cal.Rptr. at 85-87.
 
 2. Final Adjudication on the Merits
 
 16
 Next we consider whether the prior adjudication was final and on the merits. The state superior court weighed Gage's claims and determined that the prison officials' conduct was lawful. It discussed Gage's allegations and the relevant California regulations and case law, and on that basis denied his petition for writ of habeas corpus. The denial constituted a final judgment on the merits. See Olwell v. Hopkins, 28 Cal.2d 147, 149-50 (1946) (in bank); see also Sterling v. Galen, 51 Cal.Rptr. 312, 316 (Cal.App. 2 Dist.1966).
 
 3. Gage's Other Claims
 
 17
 Gage lists a number of other reasons why collateral estoppel should not apply. We are unpersuaded by any of them.
 
 
 18
 Gage argues that the state court lacked subject matter jurisdiction over his claims, however, a state court of general jurisdiction undoubtedly has jurisdiction over claims relating to state prison officials' alleged violations of state and federal laws. Gage also argues the state court did not accept jurisdiction over the parties because it denied the writ rather than issue it or issue an order to show cause. In support of this contention he cites California Rules of Court § 260(a) and California Penal Code § 1477, neither of which suggests that a denial of a writ without an order to show cause means the court declined jurisdiction. Finally, Gage claims that Tristan failed to meet the burden of proof for collateral estoppel to apply. As discussed above, Tristan met the five factors set out by California law for collateral estoppel to apply, see Branson, 29 Cal.Rptr.2d at 324, and no genuine issue of material fact exists regarding the prior state court judgment and its preclusive effect on this, the subsequent federal action. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3