Filed 3/10/14  Poturich v. Gateway Business Bank CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MATTHEW POTURICH, | B244070 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. GC047930) |
| v. | |
| GATEWAY BUSINESS BANK et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jan A. Pluim, Judge.  Affirmed.

Stephen R. Golden & Associates and Stephen R. Golden for Plaintiff and Appellant.

Winston & Strawn, David L. Aronoff, Gayle I. Jenkins and Jason C. Hamilton for Defendant and Respondent.

Plaintiff and appellant Matthew Poturich (Poturich) brought suit against defendant Gateway Business Bank, dba Mission Hills Mortgage Bankers (Mission), raising numerous causes of action arising from a loan Poturich had obtained from Mission in connection with his purchase of a home. The trial court sustained without leave to amend Mission's demurrer to Poturich's second amended complaint. Poturich appealed. While the appeal was pending, Poturich filed a second action (the instant action) against Mission, attempting to hold Mission liable for the same wrongdoing alleged in the first action, on the theory that Mission had acted as a mortgage *broker*, rather than as a mere *lender*. We then resolved the first appeal in favor of Mission, concluding that Poturich's operative complaint in the first action did not properly state a cause of action against Mission, and Poturich had failed to demonstrate that he could amend his complaint to state a cause of action. (*Poturich v. Gateway Business Bank* (Apr. 16, 2012, B232594) [nonpub. opn.] (*Poturich I*).) Thereafter, the trial court in the instant action sustained without leave to amend Mission's demurrer, on the basis of res judicata. Poturich appeals and we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Underlying Facts*

The claims in both actions all stem from a transaction through which Poturich borrowed substantial funds from Mission to purchase a home. In early April of 2006, Poturich entered into a purchase agreement to buy the property from its sellers for $1,998,000. He then sought financing from Mission at an 80% loan to value ratio. At closing, Mission informed him that he did not qualify for 80% financing. Mission then

offered Poturich a loan at 75% financing, requiring him to come up with an additional $99,900, which he did. Poturich also alleges that he was charged $1,125.00 in appraisal fees because multiple appraisals were needed in order to find at least one that matched the value of the property to the sale price. The transaction closed on May 18, 2006, with Poturich obtaining a $1,498,500 loan secured by a first trust deed on the property in favor of Mission as the lender. The loan was "immediately transferred" to Countrywide Home Loans.

Poturich had difficulty making the payments from the beginning and, in February of 2009, he discovered (in an online search) that the sellers had themselves purchased the property for $198,000 less than the price at which they sold it to him, less than two months before the sale to him. Poturich alleges that he was unaware of this fact, but that Mission knew it, and hid it from him.

While Poturich generally alleges that the terms of the loan itself were illegal, and that the loan was not properly underwritten, the bulk of Poturich's allegations against Mission are based on: (1) Mission's alleged failure to inform him that the property was worth less than he had agreed to pay for it; (2) Mission's alleged failure to inform him that the property was being "flipped" by the sellers; (3) Mission's alleged conspiracy with the appraiser who ultimately overvalued the property in order to support the purchase price; and (4) Mission's "bait and switch" in promising Poturich financing at an 80% loan-to-value ratio, but, at the last minute, providing financing for only 75% of the purchase price.

2.    *The First Action*

Poturich filed his complaint in the first action on July 30, 2010, alleging 17 causes of action, 14 of them against Mission.[1]  The operative complaint was the second amended complaint, filed on December 27, 2010.  It purported to allege causes of action against Mission for:  breach of the implied covenant of good faith and fair dealing; intentional misrepresentation; constructive fraud; violation of Unfair Competition Law (California Bus. & Prof. Code § 17200); breach of fiduciary duty; breach of duty to disclose; breach of duty to be honest and truthful; rescission; conspiracy to commit fraud; reformation; Unfair and Deceptive Business Act Practice; predatory lending; quiet title; and declaratory relief.

In the operative complaint, Poturich alleged that Mission acted as both a broker and a lender.  He specifically alleged that, in the loan transaction, Mission "acted as the mortgage broker for [Poturich].  As [Poturich]'s agent, [Mission] owed to [Poturich] a fiduciary duty to make the fullest disclosure of all material facts that might affect [Poturich]'s decision to purchase the property."

Mission demurred to the complaint.  The trial court sustained Mission's demurrer without leave to amend, after it concluded that the allegations of the complaint failed to state a cause of action.  A judgment of dismissal was entered, and Poturich appealed.

While the appeal was pending, Poturich filed his complaint in the instant action. However, for the purposes of our discussion, it is helpful to discuss the progress of the

---

[1]    Poturich also named as a defendant Bank of America (Countrywide's successor), and Recontrust Company, the apparent trustee foreclosing on Poturich's deed of trust. Neither entity is a party to this appeal.

4

first action to its conclusion.  Shortly after the trial court had sustained without leave to amend Mission's demurrer, the appellate opinion issued in *Smith v. Home Loan Funding, Inc.* (2011) 192 Cal.App.4th 1331 (*Smith*).  *Smith* confirmed existing law that a mortgage broker owes its client a fiduciary duty, while a mortgage lender owes no such duty.  (*Id*. at pp. 1334-1335.)  In *Smith,* the court was concerned with whether, on the facts of that case, the borrower had produced sufficient evidence to support the trial court's finding that the defendant had acted as a broker as well as a lender.  (*Ibid*.)  Armed with the *Smith* opinion, Poturich concluded that his most promising avenue of appeal was to pursue the argument that Mission had acted as a broker.

On September 21, 2011, Poturich filed his opening brief on appeal, in which he argued, among other things, that Mission had acted as a broker.  A two-page argument in his brief was titled, "Poturich's verified second amended complaint alleged that Mission acted as his broker.  As such, it incurred strict fiduciary duties to Poturich." (Emphasis and capitalization omitted.)  Four additional pages of his brief were devoted the argument titled, "Whether Mission acted as a broker is a question of fact to be determined by the trier of fact and not to be decided on demurrer."  (Emphasis and capitalization omitted.)  In arguing that the complaint alleged facts sufficient to state causes of action, Poturich argued, "[Mission's] entire [d]emurrer as to all of the causes of action alleged against it was based on the claim that it has no fiduciary duty as it is a lender—not a broker.  As established above, this is of itself a fact that cannot be determined by way of [d]emurrer.  As established above, Poturich alleges that [Mission]

5

is a broker.  As such, the trial court was required to accept that as true; accept that for purposes of ruling on the [d]emurrer, [Mission] was a broker."

On April 16, 2012, we issued our opinion in *Poturich I*, affirming the trial court. We concluded that none of Poturich's allegations were sufficient to state a cause of action against Mission.  We noted that five of Poturich's causes of action[2] relied on Poturich's assertion that Mission acted as a broker, and addressed those causes of action together.  While we agreed that a mortgage broker owes its clients a fiduciary duty, we concluded that Poturich "failed to sufficiently allege that Mission was acting as a broker."  (*Poturich I, supra,* at p. 10.)  Not only were Poturich's factual allegations insufficient, we noted that they had been contradicted by allegations in Poturich's first amended complaint "that Mission only held itself out as a lender, not as a broker." (*Poturich I, supra,* at p. 11.)  We cited to authority that a plaintiff may not discard factual allegations of a prior complaint, or avoid them by contradictory averments in an amended pleading.  (*Ibid.*)  In short, we concluded that Poturich's allegations that Mission acted as a broker were insufficient, and that Poturich could not avoid his prior allegation that Mission had held itself out as a lender.

Poturich had also argued, on appeal, that if his allegations were insufficient, we should grant him leave to amend.  However, he failed to make any arguments or cite to

---

[2]     Intentional misrepresentation, constructive fraud, breach of fiduciary duty, breach of duty to disclose, and breach of duty to be honest and truthful.

any facts which supported this contention.[3] As such, we rejected the argument.

Poturich had the burden to show how the complaint could be amended to state a cause of action. As he failed to do so, we concluded that the trial court did not err in denying Poturich leave to amend. We concluded, "As Poturich has been given three opportunities to draft a complaint alleging facts sufficient to state valid causes of action and has failed each time, we conclude that the trial court did not abuse its discretion in denying him yet another bite at the apple." (*Poturich I, supra,* at p. 21.)

### 3.     *The Instant Action*

While the appeal in the first action was pending, Poturich filed the instant action against the same defendants. Indeed, the initial complaint in the instant action is

---

[3]     "To meet [the] burden of showing abuse of discretion, the plaintiff must show how the complaint can be amended to state a cause of action. [Citation.] However, such a showing need not be made in the trial court so long as it is made to the reviewing court." (*William S. Hart Union High School Dist. v. Regional Planning Com.* (1991) 226 Cal.App.3d 1612, 1621.) Poturich made no attempt, in his briefing on appeal, to do this. Curiously, the trial court in the instant case encouraged Poturich to do so, yet his counsel appeared to believe that it was not permitted. At oral argument on the demurrer in the instant action, the trial court asked Poturich's counsel why he could not raise the applicability of the *Smith* case in the appeal of the first case. Poturich's counsel responded that in the first case, "we didn't do all the research" and put all of the necessary facts in the complaint. The trial court suggested filing a supplemental brief in the appeal (as the case had been fully briefed), arguing all of the additional facts which Poturich contended would show that Mission acted as a broker. Poturich's counsel took the position that he could not do so. He stated, "[M]y understanding is the [appellate] court deals with the facts that are on the record. And what is in the complaint." The trial court expressly disagreed, telling counsel, "I mean, the Court of Appeal, there's no reason why they wouldn't say, well, you didn't know about the *Smith* case at the time that [the first case was argued before the trial court]. And now it has come down and it changes the background on the case, to the point where you'd like to be able to amend your lawsuit to conform to the *Smith* case." Despite this clear advice from the trial court, Poturich made no attempt to file a supplemental brief and place before this court, in the appeal from the first case, the facts on which he would rely if granted an opportunity to amend.

7

virtually identical to the initial complaint in the first action. Mission demurrered on the basis of res judicata,[4] and Poturich filed his first amended complaint, the operative complaint in the instant action. It purported to allege the same 14 causes of action against Mission as the operative complaint in the first action.

The main difference between the operative complaint in the instant action and the operative complaint in the first action is that, in the instant action, Poturich expanded his allegations that Mission had acted as a broker in the underlying transaction.[5] Poturich alleged that Mission "was a mortgage broker and has held itself out to the public as a mortgage broker." Poturich supported this allegation by alleging evidentiary facts purporting to show that Mission had held itself out as a mortgage broker. Poturich further alleged that he had been required to sign a loan brokerage agreement with Mission.[6]

---

[4]    Although Mission relied on res judicata, Mission was aware that the judgment in the first action was then pending on appeal. Mission argued that the appeal in the first action was the proper forum in which this matter should be resolved.

[5]    Poturich's complaint also included allegations of legal authority which purportedly justified his pursuit of the instant action despite his unsuccessful pursuit of the first action.

[6]    Interestingly, Poturich did not attach to his complaint a copy of the actual agreement he and Mission allegedly executed. The complaint states that "a copy of the agreement [Poturich] alleges that he signed is attached as Exhibit 4 of the First Amended Complaint." (Emphasis omitted.) Exhibit 4 is a two-page form agreement, only part of which is filled out. The first sentence of the agreement reads, "**THIS AGREEMENT** is entered into by and between Mission Hills Mortgage Bankers, a Division of Gateway Business Bank ('Broker') and ('Borrower') this day of ." In addition to missing the name of the borrower and the effective date, Exhibit 4 also fails to include the amount of the application fee, the signature of the broker, the signature of the buyer, and the date of execution.

Mission again demurred, raising both substantive issues and res judicata. By this point, briefing in the appeal of the initial action had commenced. In order to demonstrate that the issue of whether Mission had liability as a broker had been raised in the underlying action, Mission submitted as an exhibit the opening brief Poturich had filed in the appeal. Poturich responded that res judicata did not bar the instant action as the instant action was based on the *Smith* case and his additional facts.

At the hearing on demurrer, the trial court decided to put the matter over until we had resolved the appeal in the first action. Once the remittitur had issued in that case, the parties filed supplemental briefs regarding the effect of our opinion. Poturich argued that this court had provided a "detailed analysis as to what was lacking in [Poturich]'s pleading," but he was now able to meet those requirements. As to our conclusion that Poturich could not contradict the allegation in his first amended complaint that Mission had held itself out as a lender, not a broker, Poturich stated, "The explanation is simple. [Poturich] went to Mission as a mortgage broker, to get the best deal that he could get. Mission chose to do the loan as the lender, and inferred to [Poturich] that this was the best deal he could get. [Poturich] therefore did the deal with Mission showing on the documents as his lender, but they were still also his mortgage broker."[7] (Emphasis omitted.)

---

[7] There is no doubt that Mission was Poturich's lender. Indeed, even in Poturich's supplemental briefing, he referred to Mission as his lender, stating, at one point, "Plaintiff was busy running his manufacturing business and caring for his family and did not have time to check out the true value of the property and thus relied on Mission, his mortgage lender and its appraisal that it procured." (Emphasis omitted.) It appears

9

The trial court sustained the demurrer without leave to amend. The court relied on multiple grounds, including res judicata. Judgment of dismissal was entered in favor of Mission. Poturich filed a timely notice of appeal.

## ISSUE ON APPEAL

While the parties brief the substantive merits of the operative complaint, as well as res judicata, we conclude that it is necessary to reach only the latter issue to resolve this appeal. The instant action was clearly barred by res judicata.

## DISCUSSION

1. *Standard of Review*

" 'If all of the facts necessary to show that an action is barred by res judicata are within the complaint or subject to judicial notice, a trial court may properly sustain a general demurrer. [Citation.] In ruling on a demurrer based on res judicata, a court may take judicial notice of the official acts or records of any court in this state. [Citations.]' [Citation.]" (*Planning & Conservation League v. Castaic Lake Water Agency* (2009) 180 Cal.App.4th 210, 225.) On appeal, we examine de novo the trial court's determination on a demurrer arguing res judicata. (*Id*. at p. 226.)

2. *This Action is Barred by Res Judicata*

" ' "Res judicata" describes the preclusive effect of a final judgment on the merits. Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.'

from this language that, although Poturich argued that Mission acted as both a broker and a lender, Mission obtained the appraisal in its capacity as Poturich's lender.

10

[Citation.]" (*Wade v. Ports America Management Corp.* (2013) 218 Cal.App.4th 648, 653.) "Claim preclusion applies when '(1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding.' [Citation.] Upon satisfaction of these conditions, claim preclusion bars 'not only . . . issues that were actually litigated but also issues that could have been litigated.' [Citation.]" (*Planning & Conservation League v. Castaic Lake Water Agency, supra,* 180 Cal.App.4th at p. 226.) There is no dispute that the parties in the instant case are the same parties as were in the first case; the third element is therefore satisfied. We focus our discussion on the first two elements.

The first element of res judicata requires the prior judgment to have been final and on the merits. Our opinion in *Poturich I* affirming the dismissal is final; no Supreme Court review was sought. The issue then becomes whether the judgment was on the merits. We must consider whether a judgment of dismissal following an order sustaining a demurrer without leave to amend constitutes a judgment on the merits. " '[J]udgments based upon sustaining a general demurrer have given rise to an apparent conflict of decision, and careful distinctions must be drawn between the cases. [Citations.] A judgment given after the sustaining of a general demurrer on a ground of substance, for example, that an absolute defense is disclosed by the allegations of the complaint, may be deemed a judgment on the merits, and conclusive in a subsequent suit; and the same is true where the demurrer sets up the failure of the facts alleged to establish a cause of action, and the same facts are pleaded in the second action.

11

[Citations.] But even a judgment on general demurrer may not be on the merits, for the defects set up may be technical or formal, and the plaintiff may in such case by a different pleading eliminate them or correct the omissions and allege facts constituting a good cause of action, in proper form. Where such a new and sufficient complaint is filed, the prior judgment on demurrer will not be a bar. [Citations.] This result has frequently been reached where the failure of the first complaint was in misconceiving the remedy, or framing the complaint on the wrong form of action. [Citation.]' " (*Goddard v. Security Title Ins. & Guar. Co.* (1939) 14 Cal.2d 47, 52; *Keidatz v. Albany* (1952) 39 Cal.2d 826, 828.)

Poturich takes the position that, under this authority, the dismissal was not on the merits. He argues that while his complaint in the first action was inadequate to allege a cause of action based on Mission's liability as a broker, the complaint in the instant action alleges new facts, properly framing a cause of action within the scope of *Smith* (which purportedly constituted new authority). Poturich's argument is not persuasive, however, because the issues before this court in *Poturich I* included not only whether Poturich had sufficiently alleged Mission was a broker within the meaning of *Smith*, but whether Poturich *could* sufficiently allege Mission was a broker if granted leave to amend. We concluded that he could not. In such circumstances, the judgment in the first action is on the merits. (See *Lamb v. Ward* (1953) 120 Cal.App.2d 273, 279 [when the Court of Appeal in the prior case concluded that the complaint was incurable, it is to the effect that the judgment of the trial court finally determined the controversy].)

12

Moreover, in *Poturich I*, we concluded that Poturich could not avoid the allegation in his prior complaint that Mission had held itself out as a lender, not a broker. That conclusion is on the merits. In this regard, we find this matter indistinguishable from *Sterling v. Galen* (1966) 242 Cal.App.2d 178. In that case, the plaintiff brought suit against defendants, alleging that he had brought a business opportunity to the defendants, but the defendants failed to pay the agreed-upon finder's fee. The defendants demurred on the basis that the plaintiff's complaint had contained allegations implying that the plaintiff had acted as a business opportunity broker – such allegations were fatal to the complaint, as the plaintiff did not have a license to act as a business opportunity broker. The trial court sustained the demurrer, but granted the plaintiff leave to amend. The plaintiff amended his complaint, omitting the allegations implying that he had acted as a business opportunity broker. When the defendants again demurred, the plaintiff argued that he had acted only as a finder. The trial court sustained the demurrers without leave to amend, on the basis that the plaintiff could not cure the defect in his complaint simply by dropping the harmful allegation. (*Id.* at pp. 179-181.) The plaintiff then filed a second action, in which he alleged only that he had acted as a finder. The trial court sustained the defendants' demurrers on res judicata grounds, and this appellate division affirmed. "The [trial] court simply felt, rightly or wrongly, that plaintiff had pleaded that he had performed acts requiring a license and that the allegation to that effect in the original complaint had not been adequately explained in the amended one." This constituted a resolution on the merits. (*Id.* at p. 183.) The same result applies here. In the first action, we concluded that plaintiff

13

had pleaded that Mission acted as a lender, and his allegation to that effect in his first amended complaint had not been adequately explained in his second amended complaint. This is a determination on the merits.

The second element of res judicata requires that the present proceeding be on the same cause of action as the prior proceeding. "California law approaches the issue by focusing on the 'primary right' at stake: if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." (*Eichman v. Fotomat Corp.* (1983) 147 Cal.App.3d 1170, 1174.) "If the same primary right is involved in two actions, judgment in the first bars consideration not only of all matters actually raised in the first suit but also all matters which could have been raised [citation]." (*Id*. at p. 1175.)

Clearly, this element is satisfied in this case. The operative complaint in the instant case purported to allege the same 14 causes of action against Mission as the operative complaint in the first action. The causes of action arose out of Mission's conduct in the same loan transaction. The only difference is that, in the first action, Poturich alleged that Mission was liable as a lender and a mortgage broker, while, in the instant action, Poturich alleged in greater detail that Mission was liable as a broker. The same primary right is involved; all of the allegations made in the instant action could have been raised in the first action.

14

It makes no difference whether the first action was correctly decided. (*Sterling v. Galen, supra,* 242 Cal.App.2d at p. 182.) " 'The doctrine of res judicata is dictated by the wisdom of eliminating needless and repetitive calls upon our law courts. The dignity and seriousness of the judicial process, and the necessity of preventing any harassment of litigants, require that reasonable restrictions be placed on the right to submit any one controversy between specific parties to our courts of justice. A party plaintiff or defendant is entitled to his day in court; if he raises a question as to the respective rights of another person and himself he deserves, and will get, his answer; but once having secured a final determination of his right, he cannot again ask the court to redecide the same question on its merits. He cannot split his cause of action, or have his case decided piecemeal.' [Citation.]" (*Id*. at p. 185.) Poturich had his day in court; he received his answer. Res judicata bars this action.

*DISPOSITION*

The judgment is affirmed.  Mission shall recover its costs on appeal.


*NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*


CROSKEY, J.

WE CONCUR:


KLEIN, P. J.


KITCHING, J.