[S. F. No. 636.   Department Two.—October 8, 1897.]

JOHN MALONE, Respondent, v. GEORGE G. ROY, Appellant.

MORTGAGE—FORECLOSURE—MORTGAGEE IN POSSESSION—AVERMENT OF RENTAL
   VALUE—EVIDENCE.—In an action to foreclose a mortgage, by a mortgagee
   who had been in possession of the mortgaged premises, an averment
   in his complaint "that the rents and profits of the said premises for
   the time plaintiff has had and received the same does not exceed
   three hundred dollars for the first year, four hundred and fifty dol-
   lars for the second year, and five hundred dollars per annum for
   the remaining portion of the time which plaintiff possessed the
   same," is an admission that the rental value for the second year
   was four hundred and fifty dollars, and for the balance of said
   time five hundred dollars per annum; and it is error for the court,
   on the trial, to permit the plaintiff to introduce evidence showing a
   less rental value during such time; and a judgment based on a
   finding of a less rental value for such period will be modified on
   appeal to conform to the pleading.
ID.—FINDING.—The rental value of the premises for times not covered by such
   averment is not concluded thereby, and, where the evidence as to
   the value is conflicting, the finding thereon will not be disturbed.

APPEAL from a judgment of the Superior Court of Del Norte
County and from an order denying a new trial.   J. E. Murphy,
Judge.

The facts are stated in the opinion of the court.

A. J. Bledsoe, and Denson & De Haven, for Appellant.

L. F. Cooper, and Haven & Haven, for Respondent.

McFARLAND, J.—This is an action to foreclose a mortgage
upon certain lands executed by defendant.to the plaintiff.   The
plaintiff in his complaint admits that he has been in possession of
the mortgaged premises from about the fourth day of January,
1888, to the commencement of the suit on June 27, 1892, and ad-
mits that he is accountable to the defendant for the rents and
profits of the mortgaged premises during that time.   Judgment
was rendered for plaintiff foreclosing the mortgage for a certain
amount of money found to be due from defendant to plaintiff
thereon, after an accounting in which plaintiff is charged with a
certain amount as the rental value of the premises while in the
plaintiff's possession, and also with another certain amount of
money for the value of certain timber growing upon the premises
which had been sold by the plaintiff during his occupancy.   De-

fendant appeals from the judgment and from an order denying his motion for a new trial.

There are two main points made on the appeal, involving the correctness of the finding of the court as to the rental value and as to the value of the timber sold—the appellant insisting that the amounts found by the court as to said two items were too small.

The great mass of the evidence in the case was directed to the value of the said timber. The court found the value to be five hundred dollars, and the appellant claims that it should have been seven hundred and forty-two dollars. We do not deem it necessary to here discuss the testimony upon that point in detail; it is sufficient to say that the finding of the court as to the value of the timber is sufficiently supported by the evidence to put it beyond disturbance by this court.

As to the rental value, the averment of the complaint is as follows: "That the rents and profits of the said premises for the time plaintiff has had and received the same does not exceed three hundred dollars for the first year, four hundred and fifty dollars for the second year, and five hundred dollars per annum for the remaining portion of the time which plaintiff has possessed the same." The defendant in his answer denies that the rents and profits do not exceed the amounts named in the complaint, and avers that the rental value of the land was and is fifteen hundred dollars a year. The case was pending for a number of years, during which time plaintiff remained in possession, and in a supplemental answer defendant avers that since the commencement of the suit the rental value was and is the sum of nine hundred dollars per year. The court found that the rental value during the first year of plaintiff's occupancy was three hundred and sixty dollars; that for the second year such value was also three hundred and sixty dollars, and for the balance of the time down to the commencement of the action at the rate of three hundred dollars a year. There was a great deal of conflicting evidence as to this rental value for these years; and we could not say that the findings of the court upon the subject were not sustained by the evidence. But the complaint clearly admits that the rental value for the second year was four hundred and fifty dollars, and for

the balance of said time five hundred dollars per annum.  At the trial appellant objected to any evidence by respondent to the point that the rental value for those years was less than the amount named in the complaint, and moved to strike all such testimony out; the court, however, overruled the objection, and this ruling was erroneous.  The plaintiff was bound by the averments of his complaint in this regard, and should not have been allowed to introduce evidence contradicting them.  (*Hendy Machine Works v. Pacific etc. Co.*, 99 Cal. 421; *Johnson v. Visher*, 96 Cal. 310.)  These admissions, however, only covered the time between the commencement of plaintiff's occupancy and the filing of the complaint; the findings of the court as to the rental value after that time were warranted by the evidence and are not embarrassed by the admissions in the complaint.

We do not see any other points made by appellant which are necessary to be considered.

The error committed by not considering the averments of the complaint as above stated does not, we think, necessitate a reversal of the judgment or a new trial.  The judgment and findings in other respects are free from error.  The finding of the court as to the rental value of the land during the second and third years of plaintiff's occupancy and down to the filing of the complaint is substantially a finding that the rental value did not exceed the amount admitted in the complaint, and for the purposes of the case may be so considered, and the judgment may be accordingly modified.

The order denying a new trial is affirmed.  It is further ordered that the cause be remanded, with directions to the court below to modify the judgment by deducting from the amount found due plaintiff the difference between the rental value of the mortgaged premises during the second year of plaintiff's occupancy and down to the commencement of the action, and the amount admitted by the complaint to be the rental value during said period, to wit, four hundred and fifty dollars per annum for the second year, and five hundred dollars per annum for the balance of such time, interest to be calculated accordingly.  And as thus modified the judgment will stand affirmed.

Temple, J., and Henshaw, J., concurred.

Hearing in Bank denied.