[Civ. No. 21135.   Second Dist., Div. Three.   Oct. 17, 1955.]

ROY LEE GARRADO, Respondent, v. PAULINE COLLINS, as Administratrix, etc., et al., Appellants.

David A. Fall and Kenneth W. Gale for Appellants.

MacBeth & Ford for Respondent.

ASHBURN, J. pro tem.*—Defendants Pauline Collins and Wilburn Adams appeal from a declaratory judgment in favor of plaintiff Roy Lee Garrado, who in turn moves to dismiss the appeal upon the ground that appellants are not aggrieved by the judgment.   We do not reach a decision upon the merits

*Assigned by Chairman of Judicial Council.

of appellants' contentions because it appears that the motion to dismiss is well taken.

Pauline Collins is administratrix of the estate of Estella Mae Garrado, deceased. She is sued individually and as such administratrix. She and her codefendant are children of decedent and one Paul Adams to whom decedent was married prior to January 1, 1931. The action involves certain real property on Antwerp Avenue in the city of Los Angeles which the court found to be decedent's separate property as to a two-thirds interest therein. This interest was adjudged to belong to plaintiff and the two individual defendants in equal shares. Defendants' appeal challenges the holding that plaintiff is entitled to an interest in said separate property of decedent, this because he was her putative husband only.

Plaintiff's complaint alleges that he and decedent, Estella Mae Garrado (also known as Estella Mae Adams), were married on January 1, 1931; that she died intestate on January 11, 1953, in Los Angeles; that during the intervening 22 years, they lived together as man and wife openly, notoriously and in complete good faith. Facts are also alleged which if true would establish that the Antwerp Avenue realty was community property in its entirety. Plaintiff also alleged that the controversy is this: "Plaintiff, on the basis of the facts set forth above, contends that all of said estate was community property, hence goes to him under Probate Code, section 201. Defendants contend that plaintiff's marriage to Estella is void because she was then married to some other person or persons unknown to plaintiff, and that said property is not community property; hence plaintiff should inherit either nothing or one-third of Estella's estate." He prayed that the court declare his rights in the property. Nowhere else in the complaint was any reference made, directly or indirectly, to a former marriage of Estella, or to his own marriage with her being void, or his own status being that of a putative husband. Defendants' answer, after making numerous denials, admitted by silence the quoted averment as to the existing controversy and added a paragraph XI reading as follows: "That these answering defendants affirmatively allege that a long time prior to the 1st day of January, 1931, Estella Mae Adams was married to Paul Adams and that said marriage was never terminated by a decree of any court, and that the said Paul Adams is still living and resides at Omaha, Nebraska." Defendants prayed that it be adjudged that plaintiff is not the surviving spouse of decedent, that he has

no interest in any of her estate, and that they have other and general relief.

The trial court found that defendants are the children of a marriage between Estella and Paul Adams which occurred prior to January 1, 1931; that plaintiff married her on that date and that the marriage to Adams had not then been dissolved by death or legal proceedings; that Estella died intestate on January 11, 1953 in Los Angeles County and that she and plaintiff at all times after their marriage on January 1, 1931, had lived together as man and wife openly, notoriously and in good faith. It was further found that a one-third interest in the Antwerp Avenue parcel had "acquired the characteristics of community property," that plaintiff as surviving putative spouse inherited that interest and that he was also entitled to one-third of the two-thirds interest in the Antwerp parcel which was held to be decedent's separate property; also that defendants each take one-third of said two-thirds interest in said parcel. Plaintiff was also held to be entitled to all of the property acquired during marriage which would be strictly community property if his marriage to Estella had not been void.

Defendants upon their appeal make but one contention, that plaintiff is entitled to no participation in the two-thirds interest in the Antwerp property which was separate estate of decedent. The motion to dismiss is made upon the ground that defendants are not aggrieved parties and hence cannot appeal. Plaintiff's counsel argue that the judgment gave defendants all they were entitled to have and they are not affected by an erroneous disposition of the other third interest in the separate property (if perchance it was erroneous) because they were not entitled to it in any event; that their father Paul Adams would take it if plaintiff is ultimately held not to be entitled to same.

Although there was no finding upon the subject defendants are bound by their averment "that said marriage was never terminated by a decree of any court, and that said Paul Adams is still living. . . ." (*Malone* v. *Roy*, 118 Cal. 512, 514 [50 P. 6, 542]; *Brown* v. *Aguilar*, 202 Cal. 143, 149 [259 P. 735]; 2 Witkin Cal. Proc., §§ 216-217, pp. 1194-1195.)

If, as thus alleged, Adams was decedent's lawful husband at the time of her death, her children (appellants) could not possibly inherit the one-third interest in question; it would go either (1) to the surviving husband under Probate Code, section 221, or (2) to plaintiff as surviving putative spouse

under respondent's theory, which they say is supported by *Estate of Krone,* 83 Cal.App.2d 766 [189 P.2d 741]. A ruling upon this contention of respondent is unnecessary herein, for it appears that appellants cannot take this one-third interest in any event. It follows that they are not aggrieved parties and not entitled to appeal. (3 Cal.Jur.2d §§ 110-111, pp. 566-569; *Nicholas* v. *Nicholas,* 110 Cal.App.2d 349, 353 [242 P.2d 679]; *Rousseau* v. *Hurtado,* 122 Cal.App.2d 705, 715 [265 P.2d 580].)

Defendant Pauline Collins, in her capacity of administratrix, is not an aggrieved party and hence is not entitled to maintain the appeal because it involves only a controversy between heirs as to their respective interests in the estate. (*Estate of Babb,* 200 Cal. 252, 255 [252 P. 1039]; *Estate of Kessler,* 32 Cal.2d 367, 369 [196 P.2d 559].)

The motion is granted and the appeal is dismissed.

Shinn, P. J., and Wood (Parker), J., concurred.