[Civ. No. 18941. First Dist., Div. Two. Apr. 18, 1960.]

WILLIAM MULLER, Appellant, v. CHARLES REAGH et al., Respondents.

William Muller, in pro. per., for Appellant.

Charles Reagh, in pro. per., for Respondents.

GOOD, J. pro tem.*—The pertinent facts may be summarized as follows: On March 4, 1959, in the third day of a jury trial wherein plaintiff appeared in propria persona a colloquy occurred between him and the trial judge wherein he excepted to the suggestion that it might be better if he secured counsel and claimed the same as "prejudicial, prejudging, harmful, reversible, egregious error and misconduct." Defendant moved for a mistrial and the motion was granted. Two days thereafter, plaintiff moved the court for an order

---

*Assigned by Chairman of Judicial Council.

taxing costs to defendant. Plaintiff appeals from an order denying his motion. Due to a misapprehension of the court rules regulating the filing of reporter's transcripts the precise text of the colloquy is not a part of the record on appeal.

A motion for an order augmenting the record by inclusion thereof (together with originals of various correspondence with the county clerk) was denied for the obvious reason that until a final judgment is entered in the trial itself neither party is entitled to costs. (*Lacey* v. *Bertone,* 33 Cal.2d 649, 654 [203 P.2d 755] ; also 13 Cal.Jur.2d, Costs, p. 221, and cases there cited.)

The question whether plaintiff will eventually become entitled to recover these costs must depend upon (a) entry of a final judgment and (b) the sound discretion of the trial court in acting upon exceptions taken to any costs bill that may be filed by him pursuant to section 1033 Code of Civil Procedure after judgment in his favor or, if judgment is adverse to him, upon his exceptions to inclusion of any costs apportionable to the mistrial in defendant's costs bill. Until final judgment, any order assessing costs is not appealable. (*Mullin* v. *Rousseau,* 112 Cal.App. 719 at p. 731 [297 P. 944].)

The appeal is accordingly ordered dismissed.

Kaufman, P. J., and Draper, J., concurred.