[Civ. No. 20399.  First Dist., Div. Three.  Aug. 14, 1962.]

LELAH MULLER, Plaintiff, Cross-Defendant and Respondent, v. WILLIAM MULLER, Defendant, Cross-Complainant and Appellant; CHARLES REAGH, Cross-Defendant and Respondent.

William Muller, in pro. per., for Defendant, Cross-Complainant and Appellant.

Charles Reagh, in pro. per., and Robert H. James for Cross-Defendants and Respondents.

DRAPER, P. J.—This is one more facet of the fantastically repetitious litigation arising from property aspects of the divorce of appellant and his former wife (see cases collected in *Muller* v. *Hallenbeck,* 200 Cal.App.2d 366, 368, fn. 1 [19 Cal.Rptr. 251]). The principal dispute of the parties in all cases prior to that just cited concerned lot 5 in a San Mateo County subdivision. This action, however, was commenced by the former wife to quiet title to lots 6 and 7 of the same subdivision. Muller disclaimed any interest in the property in favor of one Hallenbeck. The latter had himself brought in as a party and filed a cross-complaint seeking to quiet his (Hallenbeck's) title to lots 6 and 7, and also to lot 5. Mrs. Muller's action was dismissed for lack of prosecution and the case went to trial on Hallenbeck's cross-complaint. Mrs. Muller did not press her claim to lots 6 and 7 but did successfully assert her claim to lot 5, title to which was quieted in her. That judgment was affirmed (*Muller* v. *Hallenbeck, supra*).

Meanwhile, appellant William Muller, appearing in propria persona, had filed a cross-complaint against Mrs. Muller and her attorney "for injunction of multiplicity of suits and damages; for injunction to enforce breach of contract or promise and damages; for abuse of process and damages."

Upon sustaining of demurrer, appellant filed an amendment to his cross-complaint, incorporating the original document therein. Demurrer to the amended pleading was sustained without leave to amend. Muller appeals from the ensuing judgment of dismissal.

We find little aid in the briefs of appellant. Painstaking review of the 69 pages of clerk's transcript occupied by the original cross-complaint, and the 39 pages required for the amendment thereto, discloses no statement of a cause of action. There is an element of wry humor, but no merit, in appellant's assertion that multiplicity of actions would be prevented by the injunction he seeks against prosecution of an action to quiet title to property he disclaims; that action has been dismissed as to him and terminated by final judgment as to Hallenbeck's cross-complaint against Mrs. Muller.

The "injunction to enforce (we assume 'prevent' was intended) breach of contract" is negated by appellant's own pleading that the agreements upon which he relies were but tentative.

Nor is there any adequate allegation of actionable abuse of process. Appellant repeatedly alleges that plaintiff's action to quiet title to lots 6 and 7 was for the primary purpose of harassing appellant and causing him financial loss. Assuming the sufficiency of appellant's allegations that he had guaranteed defendant Hallenbeck against loss by reason of the latter's purchase of the lots, the cross-complaint still falls short of alleging a cause of action for abuse of process. Mere ulterior motive is not sufficient. There must be some misuse of the process which is beyond its scope (1 Cal.Jur.2d 214), or a wilful act in the use of the process not proper in the regular conduct of the proceeding (Prosser on Torts (2d ed.) 668-669). Nothing of this sort is alleged by appellant. He repeatedly alleges that cross-defendants knew that they had no interest in lot 5, ignoring the previous determination that Mrs. Muller is its owner and the fact that her action did not relate to this lot. Significantly, however, he omits any assertion that the claim to lots 6 and 7 was knowingly groundless.

Appellant several times refers to "champerty and maintenance" by counsel for Mrs. Muller. But California has never adopted these common-law doctrines (*Estate of Cohen*, 66 Cal.App.2d 450, 458 [152 P.2d 485]). Thus the references thereto, in addition to being mere conclusions, relate to no cause of action recognized in this state.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied September 13, 1962, and appellant's petition for a hearing by the Supreme Court was denied October 10, 1962.