[Civ. No. 20403.   First Dist., Div. Two.   Nov. 19, 1962.]

WILLIAM MULLER, Plaintiff and Appellant, v. LELAH MULLER et al., Defendants and Respondents.

William Muller, in pro. per., for Plaintiff and Appellant.

Charles Reagh for Defendants and Respondents.

AGEE, J.—Plaintiff appeals from a judgment entered upon the sustaining of a general demurrer by defendants to his complaint, without leave to amend. Plaintiff stated in writing to the trial court that if the demurrer should be sustained it should be sustained without leave to amend. He makes the same statement to us, saying that he would not amend his complaint any further even if given leave to do so. This eliminates any question as to an abuse of discretion by the trial court in not affording to appellant an opportunity to amend his complaint. (See *Wennerholm* v. *Stanford University School of Medicine,* 20 Cal.2d 713, 719 [128 P.2d 522, 141 A.L.R. 1358].) Furthermore, it does not appear to us that any such amendment could result in stating a cause of action. (*Routh* v. *Quinn,* 20 Cal.2d 488, 493 [127 P.2d 1, 149 A.L.R. 215].) While appellant appears in propria persona, he has had considerable experience as such, particularly with respect to the subject matter of this action.[1]

The complaint does not even purport to state a cause of action or seek any relief against respondent Charles Reagh, who is the attorney for Mrs. Muller.[2] Reference hereafter to ''respondent'' is intended to designate the latter only.

---

[1]See *Muller* v. *Muller,* 141 Cal.App.2d 722 [297 P.2d 789]; *Muller* v. *Reagh,* 148 Cal.App.2d 157 [306 P.2d 593]; *Muller* v. *Reagh,* 150 Cal. App.2d 99 [309 P.2d 826]; *Muller* v. *Muller,* 156 Cal.App.2d 623 [320 P.2d 205]; *Muller* v. *Reagh,* 170 Cal.App.2d 151 [338 P.2d 601]; *Muller* v. *Reagh,* 173 Cal.App.2d 1 [343 P.2d 135]; *Muller* v. *Muller,* 174 Cal. App.2d 517 [345 P.2d 29]; *Muller* v. *Robinson,* 174 Cal.App.2d 511 [345 P.2d 25]; *Muller* v. *Municipal Court,* 176 Cal.App.2d 156 [1 Cal. Rptr. 207]; *Muller* v. *Reagh,* 179 Cal.App.2d 814 [4 Cal.Rptr. 147]; *Muller* v. *Muller,* 179 Cal.App.2d 815 [4 Cal.Rptr. 419]; *Muller* v. *Hallenbeck,* 200 Cal.App.2d 366 [19 Cal.Rptr. 251]; *Muller* v. *Muller,* 206 Cal.App.2d 731 [23 Cal.Rptr. 900].

[2]A previous attempt by appellant in another action to state a cause of action against this attorney resulted in the sustaining of a demurrer to appellant's pleading without leave to amend. The judgment thereupon entered was affirmed on appeal. (*Muller* v. *Muller,* 206 Cal.App.2d 731 [23 Cal.Rptr. 900].)

Appellant and respondent intermarried on January 27, 1944, and respondent obtained an interlocutory decree of divorce from him as of September 22, 1953. The final decree was entered on December 7, 1954.

On April 23, 1952, appellant deeded all of lot 5 in a certain subdivision to respondent. The deed was not acknowledged. On May 18, 1954, respondent obtained a judgment declaring the validity of the deed and quieting her title to this lot as against appellant. The judgment was affirmed on appeal. (*Muller* v. *Muller*, 141 Cal.App.2d 722 [297 P.2d 789], decided May 23, 1956.)

On July 26, 1955, respondent filed an action (No. 68865) against appellant and one Datlow to quiet title in her as to lots 6 and 7 in the same subdivision. (Her counsel explains that this was done to protect her rights as to lots 6 and 7 in the event the quiet title judgment as to lot 5 was not affirmed, it being her position that lot 5 was to be hers and lots 6 and 7 were to be appellant's as a part of an agreement between them.)

On October 27, 1955, one Hallenbeck intervened in action 68865 and filed a cross-complaint against respondent, seeking to quiet title in him not only as to lots 6 and 7 but also as to the northeasterly portion of lot 5.

On January 8, 1958, appellant filed a verified answer in said action, in which he averred that "E. Hallenbeck, a defendant and cross-complainant herein, is now and has been ever since on or about the 29th day of June, 1954, the owner in fee simple of all the right, title and interest in and to the said reality [*sic*] mentioned in plaintiff's complaint herein, *and of the contiguous parcel of real property* . . . which is described as follows, to wit:" (here follows a legal description of that portion of lot 5 involved in the instant action) (emphasis ours).

On August 17, 1960, respondent's complaint in action 68865 was dismissed for failure to bring it to trial within five years after it was filed (Code Civ. Proc., § 583).

On October 28, 1960, the case went to trial on Hallenbeck's cross-complaint and respondent's answer thereto. In the meantime the appeal in respondent's action to quiet title to lot 5 as against appellant had been successfully concluded and she therefore abandoned her claim to lots 6 and 7. The trial thereupon proceeded as to Hallenbeck's claim to said northeasterly portion of lot 5. It was developed that, on August 8, 1949, said Datlow had taken title to lots 6, 7, and

the portion of lot 5 involved herein as a "dummy" for appellant, and that on June 29, 1954, this title was transferred to Hallenbeck by deeds which, at appellant's request, had been signed in blank by Datlow at some prior date.

On March 20, 1961, judgment was rendered in said action, decreeing that Hallenbeck held only the bare legal title to said northeasterly portion of lot 5 and ordering him to deed to respondent all of his right, title and interest therein. This portion of the judgment was affirmed on appeal. (*Muller* v. *Hallenbeck*, 200 Cal.App.2d 366 [19 Cal.Rptr. 251].)

The instant action, being No. 93780, was filed by appellant on March 28, 1961, just eight days after the lower court's rendition of judgment in action 68865. It seeks to set aside and vacate the portion of said judgment relating to lot 5 and to quiet title thereto in him. The complaint is 34 pages in length and is somewhat difficult to interpret. It incorporates by reference all of the proceedings in action 68865, expressly including his answer which contains the disclaimer quoted above.

Appellant's explanation of this disclaimer is that "he only disclaimed as against the cross-complainant E. Hallenbeck" and that "such disclaimer was never intended by plaintiff herein to operate for the benefit or advantage of cross-defendant Lelah Muller." However, the disclaimer is a verified representation made to the lower court that Hallenbeck "is now and has been ever since on or about the 29th day of June, 1954, the owner in fee simple of all the right, title and interest in and to" the subject property. By necessary implication, appellant is thereby admitting that he has no right, title or interest in such property. The explanation that "such disclaimer was never intended by plaintiff herein to operate for the benefit or advantage of cross-defendant Lelah Muller" is rather obvious to us but it has no legal significance.

The disclaimer has become a part of the complaint in the instant action by incorporation therein and it constitutes a judicial admission which is conclusive upon appellant. (2 Witkin, California Procedure, p. 1195.) There are no allegations in the complaint which would indicate how the title to the subject property has become vested in appellant since the filing of his disclaimer, or how he has now acquired an interest therein. The lack of such a showing is a bar to his present quiet title action. (*Osborne* v. *Abels*, 30 Cal.App. 2d 729 [87 P.2d 404].) A pleader is bound by his own pleadings, under the doctrine of "conclusiveness of pleadings." (*Brown* v. *Aguilar*, 202 Cal. 143, 149 [259 P. 735] ;

*Garrado* v. *Collins,* 136 Cal.App.2d 323, 325 [288 P.2d 620] ; 2 Witkin, California Procedure, p. 1194.)

It is equally clear that appellant has no standing to set aside and vacate the judgment on Hallenbeck's cross-complaint. The only parties to the action which resulted in this judgment were respondent and Hallenbeck. Appellant made no effort to become a party therein. Instead, he "bowed out" by filing a disclaimer. Appellant has not alleged any facts which would allow him now to make a collateral attack upon the judgment which respondent obtained against Hallenbeck.

This is not to say that appellant did not attempt to remain in action 68865. He filed a cross-complaint therein which, with amendments, consumes 108 pages of the clerk's transcript. However, he was unable to state a cause of action against respondent and her attorney, and the judgment entered upon the sustaining of a demurrer to his amended pleading without leave to amend was affirmed on appeal. (*Muller* v. *Muller,* 206 Cal.App.2d 371 [23 Cal.Rptr. 900].) He again made no contention therein that he had any right, title or interest in the lots in question but asserted that he had guaranteed Hallenbeck against loss by reason of the latter's purchase of the lots and that he, appellant, had been damaged by the filing of action 68865 by respondent, which caused Hallenbeck to have to defend his title to said lots.

Appellant also appeals from an order denying his motion to compel service upon him of a copy of the judgment herein. He bases his motion upon section 465 of the Code of Civil Procedure, which provides: "All pleadings subsequent to the complaint, must be filed with the clerk or judge, and copies thereof served upon the adverse party or his attorney; . . ."

Pleadings are defined by section 420 of the Code of Civil Procedure as "the formal allegations by the *parties* of their respective claims and defenses, for the judgment of the court." (Emphasis ours.) The judgment of the trial court is obviously not a pleading within the meaning of section 465.

Appellant also purports to appeal from an order denying his motion to strike respondent's designation of additional papers and records to be included in the transcript on appeal (Cal. Rules of Court, rule 5(b))† and from an order refusing to modify a pretrial order in a *prior action* in which appellant and one of the respondents had been parties.

Neither of these purported appeals is supported by the filing of a notice of appeal and each is therefore dismissed.

---

†Formerly Rules on Appeal, rule 5(b).

(*People* v. *Delaney*, 132 Cal.App.2d 838 [283 P.2d 287].)
Moreover, an order refusing to amend a transcript on appeal is not an appealable order. (*People* v. *Gross*, 44 Cal. 2d 859, 860-861 [285 P.2d 630] ; *McCord Co.* v. *Plotnick*, 104 Cal.App.2d 495 [231 P.2d 880].) And an order refusing to modify a pretrial conference order, even if made in the same action in which the purported appeal is attempted, is also nonappealable. This is so because it is an intermediate order which is not designated by statute as one of those from which an appeal may be taken. (Code Civ. Proc., § 963; *Ulrey* v. *Gillett*, 147 Cal.App.2d 621, 623 [305 P.2d 611].) Furthermore, although not required to do so, we have determined that there is no merit to either of these purported appeals.

The judgment and order appealed from are affirmed; the purported appeals from the order denying the motion to strike and the order denying the motion to modify a pretrial order are dismissed.

Kaufman, P. J., and Shoemaker, J., concurred.