**In re Steven A. BARRACK and Elizabeth A. Barrack, Debtors.**

**Patrick L. McCRARY, Trustee, Patrick L. McCrary Money Purchase Plan, Appellant,**

**v.**

**Steven A. BARRACK and Elizabeth A. Barrack; United States Trustee; Harold S. Taxel, Chapter 7 Trustee, Appellees.**

BAP No. SC–96–2196–ORyR.
Bankruptcy No. 95–07783–B7.
Adversary No. 95–90572.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Nov. 21, 1997.

Decided Jan. 30, 1998.

Patrick L. McCrary, La Mesa, CA, pro se appellant.

Richard S. Kolek, Withers and Goulding, San Diego, CA, for Stephen A. and Elizabeth Barrack.

Before: OLLASON, RUSSELL and RYAN, Bankruptcy Judges.

## OPINION

OLLASON, Bankruptcy Judge.

### OVERVIEW

Unsecured Creditor Patrick McCrary, trustee of the Patrick McCrary Money Purchase Plan ("McCrary"), appeals the bankruptcy court's final order denying leave to amend his nondischargeability complaint. McCrary also contends that the bankruptcy court erred by dismissing his second amended complaint on the grounds that it failed to state a claim. This appeal raises issues pertaining to the kind of allegations which may be brought under both § 523(a)(2) and

§ 523(a)(6).[1] We herein AFFIRM the bankruptcy court's dismissal of the § 523(a)(6) claim on the basis that a claim for false pretenses, fraudulent misrepresentation or fraud based on oral representations respecting a debtor's financial condition, such that it fails to state a claim for relief under § 523(a)(2)(B), cannot alternatively state a claim for relief for willful and malicious injury under § 523(a)(6). We REVERSE the bankruptcy court's dismissal of the § 523(a)(2)(A) and abuse of process claims, however, and VACATE the final order which denied leave to amend for a third amended complaint.

## FACTS AND PROCEEDINGS BELOW

Steven and Elizabeth Barrack ("Debtors") filed a voluntary Chapter 7 petition on July 21, 1995. McCrary's unsecured claim was listed as $10,500. The debt resulted from a stipulated judgment in a breach of contract action in San Diego County Municipal Court in 1994. The action was brought by McCrary against Debtors following Debtors' default under a sales contract. Debtors had agreed to purchase McCrary's residence in Alpine, California, and to pay off the first deed of trust. In entering into the transaction, McCrary relied solely on Debtors' oral representations with respect to their financial condition.

On September 8, 1995, McCrary filed a timely complaint to determine dischargeability of the debt, *inter alia*, under § 523(a)(2)(A); a first amended complaint was filed on October 30, 1995. Both complaints were dismissed for failure to state a claim because the bankruptcy court determined that oral representations as to financial condition could not be brought under § 523(a)(2)(A) or (a)(2)(B).[2]

The complaint which is the subject of this appeal is the second amended complaint filed by McCrary on March 13, 1996. The complaint alleged four claims for relief.

Count one was for false pretenses, false representation or actual fraud, pursuant to § 523(a)(6). McCrary alleged that Debtors made "willful and malicious" misrepresentations. McCrary alleged that Debtors: 1) overstated Mr. Barrack's income as a chiropractor; 2) represented that they were living in a home with a lease option when they were living in a home they had purchased but which was then in foreclosure; 3) falsely represented that Mr. Barrack owned chiropractic equipment; 4) overstated the worth of an x-ray machine, in which Debtors induced McCrary to take a security interest to secure the down payment on McCrary's property; and 5) Debtors falsely stated that Mr. Barrack had liens on personal injury and worker's compensation cases. McCrary alleged that he relied on the representations in entering into the transaction and, as a result, he had to pay all the first deed payments, the taxes and insurance, he lost a sale opportunity, and he had to make substantial repairs caused by Debtors' damage to the residence.[3]

Count two was for abuse of process. McCrary alleged that in an unlawful detainer action which he brought in San Diego Municipal Court to remove Debtors from their home, as well as in the breach of contract action, Debtors filed answers merely as a delaying tactic with no intention of defending the action. McCrary further alleged that when he executed upon Debtors' vehicle following a judgment in his favor, Debtors falsely represented to the court in an ex parte hearing that the vehicle was subject to a security interest, and that Debtors had not notified McCrary of the hearing. McCrary alleged that Debtors' acts were "willful and malicious", were done for the purpose of

---

**1.** Unless otherwise indicated, references to "Chapter," "Code" or "Section/ § " are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330. These sections are cited in full below.

**2.** McCrary has not included the original and first amended complaints in the record on appeal, nor has he raised arguments concerning the interlocutory orders on those complaints. Thus, he has waived any review of the earlier complaints.

*Doty v. County of Lassen*, 37 F.3d 540, 548 (9th Cir.1994) (by failing to brief an issue on appeal, the appellant waives his right to raise that issue).

**3.** The alleged damage included removal of walls without permits, and painting and maintaining the residence in a "sloppy" manner. McCrary did not bring a count for waste, but merely included these facts in the damages portion of his § 523(a)(6) claim.

gaining a "collateral advantage," and caused McCrary damages in the sum of $10,000.

Count three was for false pretenses, false representations and actual fraud pursuant to § 523(a)(2)(A). McCrary incorporated the previous allegations and further alleged that Debtors made false representations and promises to perform under the contract when they had "no intention to perform the obligations required to be performed." In addition, McCrary alleged that Debtors knew they had no ability to perform. McCrary stated that he relied on those representations and alleged the same injuries as in count one.

Count four was for punitive damages of $240,000 for the same alleged facts which purportedly showed that Debtors' acts were "oppressive, fraudulent, and malicious."

On April 15, 1995, Debtors filed a motion to dismiss the second amended complaint. A hearing was held on the July 1, 1996. The bankruptcy court considered supplemental briefs on the issues of whether: 1) a claim could be excepted from discharge under § 523(a)(6) for financial loss due to oral misrepresentations of financial condition; or 2) § 523(a)(2) is the exclusive provision for having such debts excepted from discharge.

The court issued its memorandum decision on October 15, 1996, which was published. *See In re Barrack,* 201 B.R. 985 (Bankr. S.D.Cal.1996). The opinion analyzed the statutes and the law. The bankruptcy court found that Debtors made oral representations of their financial condition, (reprinted below), and that the damage was purely financial. *Id.* at 988, 990. Hence, the allegations did not lie under § 523(a)(2)(A), which

excludes representations as to financial condition. The court further held that the allegations did not state a cause of action under § 523(a)(2)(B), which requires a written representation of financial condition. Finally, the court concluded that statutory integrity required that McCrary not be allowed to "side-step the writing requirement of Section 523(a)(2) by picking up its fraud elements, without amendment, and carrying them over to Section 523(a)(6)," governing debts for "willful and malicious injury." *Id.* at 988.

The memorandum decision did not specifically address the abuse of process count. However, at the July 1st hearing, the bankruptcy court stated that McCrary failed to set forth the elements of an abuse of process claim under state law.

The order dismissing the complaint without prejudice was entered on November 15, 1996. On November 5, 1996, pending entry of the order, McCrary filed his motion for leave to file an amended complaint and third amended complaint. The third amended complaint contained two counts. Count one, under § 523(a)(2)(A), alleged Debtors' false oral and written (contractual) representations of their intent to perform under the contract. Count two contained the same abuse of process facts, albeit slightly more detailed, and was pled specifically under § 523(a)(6) instead of "abuse of process."

 A hearing on the motion was held on December 9, 1996. The bankruptcy court's order denying the motion was entered on January 22, 1997. McCrary timely appealed the January 22nd order.[4]

---

4. McCrary's appeal of the November 15th order dismissing the second amended complaint was untimely. However, he argued before the BAP Motions Panel that, because he filed a motion for leave to amend before the dismissal order was entered, the dismissal order was interlocutory and merged into the final order denying his motion to amend. The latter order was final, he argued, because the complaint had already been dismissed. The Motions Panel issued an order on June 13, 1997, which deemed McCrary's response as sufficient. Although the parties did not raise the question of the Panel's jurisdiction, we must raise it *sua sponte. WMX Technologies, Inc. v. Miller,* 104 F.3d 1133, 1135 (9th Cir. 1997).

The dismissal order was without prejudice yet it did not state that it granted leave to amend. Therefore, the dismissal order was final only if McCrary chose to stand on his pleading. *See id.* (holding that where a dismissal order specifically grants leave to amend, a plaintiff may not file a notice of appeal simply because he does not choose to file an amended complaint, but must first obtain a final dismissal order). *See also Azar v. Conley,* 480 F.2d 220, 223 (6th Cir. 1973) (a dismissal without prejudice to filing an amended complaint is not a final order where some amendment is possible). McCrary chose to file an amended complaint, therefore, we hold that the dismissal order was interlocutory and merged into the final order, which was the order denying leave to amend. All of the issues perti-

## ISSUES

1. Whether McCrary's fraud claim in count one of the second amended complaint stated a cause of action under § 523(a)(6) even though the bankruptcy court had previously determined that the same facts did not state a cause of action under § 523(a)(2)(A) or (a)(2)(B).

2. Whether the second amended complaint's count three stated a cause of action under § 523(a)(2)(A).

3. Whether McCrary's abuse of process allegations in the second amended complaint stated a cause of action under § 523(a)(6).

4. Whether the bankruptcy court abused its discretion by denying McCrary's motion for leave to amend.

## STANDARD OF REVIEW

■ Dismissal for failure to state a claim upon which relief may be granted under Fed.R.Bankr.P. 7012/Fed.R.Civ.P. 12(b)(6) is a ruling on a question of law and is reviewed de novo. *In re Saylor*, 178 B.R. 209, 212 (9th Cir. BAP 1995), *aff'd*, 108 F.3d 219 (9th Cir.1997). The reviewing court presumes all factual allegations of the complaint to be true and draws all reasonable inferences in favor of the non-moving party. *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir. 1995), *cert. denied sub nom., Mier v. Van Dyke*, 517 U.S. 1103, 116 S.Ct. 1317, 134 L.Ed.2d 470 (1996). The Panel shall affirm the dismissal of the complaint only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). However, the Panel is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the alleged facts. *In re Aboukhater*, 165 B.R. 904, 909 (9th Cir. BAP 1994).

■ The bankruptcy court's denial of a motion for leave to amend a complaint is reviewed for an abuse of discretion. *In re Daisy Systems Corp.*, 97 F.3d 1171, 1175 (9th Cir.1996).

nent to the interlocutory dismissal order may be reviewed in this appeal. *In re Advent Manage-*

## DISCUSSION

■ Under § 523(a)(2), there are two circumstances in which a debt is nondischargeable. First, a debt for money or property is not dischargeable if it was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's ... financial condition." The creditor must prove that: (1) the debtor made the representation; (2) the debtor knew the representation was false at the time made; (3) the debtor made the representation with the intention and purpose of deceiving the creditor; (4) the creditor relied on the representation; and (5) the creditor sustained damages as a proximate result. *In re Kirsh*, 973 F.2d 1454, 1457 (9th Cir.1992).

■ Second, § 523(a)(2)(B) prohibits a discharge where a money or property debt was obtained specifically through the use of a false written statement of financial condition. The creditor must prove: (1) the debtor made a representation of fact; (2) that was material; (3) that the debtor knew at the time to be false; (4) that the debtor made with intent to deceive the creditor; (5) upon which the creditor relied; (6) that the creditor's reliance was reasonable; and (7) that damage proximately resulted from the representation. *In re Candland*, 90 F.3d 1466, 1469 (9th Cir.1996).

■ Section 523(a)(6) also excepts from discharge any debt resulting from "willful and malicious injury" by the debtor to another entity or the property belonging to another entity. *In re Cecchini*, 780 F.2d 1440, 1443 (9th Cir.1986). "Willful and malicious" means that there was an "intentional act which caused an injury." *Id.* When a wrongful act, such as conversion, done intentionally, necessarily produces harm and is without just cause or excuse, it is "willful and malicious" even absent proof of a specific intent to injure. *Id.*

The bankruptcy court held that fraud claims under § 523(a)(2) and (a)(6) are mutually exclusive based on the principle of statu-

*ment Corp.*, 178 B.R. 480, 485–86 (9th Cir. BAP 1995), *aff'd*, 104 F.3d 293 (9th Cir.1997).

tory construction that the more specific statute controls and McCrary's complaint was a failed § 523(a)(2) complaint. Since section (a)(2) but not section (a)(6) refers to "fraud," then section (a)(2) must be the exclusive provision for bringing a fraud claim, the court reasoned.

### 1. Count One: the § 523(a)(6) Claim

In resolving this appeal, we must dissect the bankruptcy court's ruling. Our first analysis relates to the alleged false oral representations as to Debtors' financial condition. The discrete issue here is whether § 523(a)(2)(B) and § 523(a)(6) are mutually exclusive provisions.

For purposes of this analysis, we accept the bankruptcy court's undisputed finding that Debtors' oral representations, as documented by the bankruptcy court, concerned their financial condition. The bankruptcy court specified that these misrepresentations were as follows:

> [T]he Debtors were living in a home in which they had a lease option (actually they owned the home and the home was being foreclosed upon); Steven Barrack's income was at least $5,000 per month (it was substantially less); Steven Barrack owned various chiropractic equipment (some of it was owned by his mother); Steven Barrack owned an x-ray machine which was 5–10 years old and worth at least $15,000 (the machine was 30 years old and worth less than $3,000); the Debtors were able to service the outstanding debt secured by the residence as well as the taxes and insurance (they were not); and Steven Barrack had a security interest in various law suits (he did not).

*Barrack*, 201 B.R. at 987.

These misrepresentations were made by Debtors to induce McCrary into entering into the purchase and sale contract to sell the residence to Debtors.

Count one of the second amended complaint alleged the same false representations as to Debtors' financial condition, but con-

tended that the misrepresentations were "willful and malicious" pursuant to § 523(a)(6).

The bankruptcy court undertook a comprehensive analysis of § 523(a)(2) versus (a)(6). It held that a claim for fraudulent misrepresentation cannot be brought pursuant to § 523(a)(6) because § 523(a)(2) is the exclusive provision for such claims. We need not reach the portion of the bankruptcy court's decision which holds that § 523(a)(2) and § 523(a)(6) are mutually exclusive because much of the bankruptcy court's holding is too far reaching and is dicta.[5]

■ The evidence supported the bankruptcy court's determination that McCrary's allegations did not meet the requirements of either § 523(a)(2)(A) or § 523(a)(2)(B). It is well established that these subsections are mutually exclusive. *See* H.R.Rep. No. 95–595, at 549 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6453. Section 523(a)(2)(B) expressly deals with fraudulent misrepresentations respecting a debtor's financial condition and adds the requirement that such misrepresentations be in writing. The provision is an evidentiary protection for a defendant/debtor because it requires the plaintiff/creditor to prove fraud based on misrepresentations of financial condition using the more rigorous reasonable reliance standard. *See Field v. Mans*, 516 U.S. 59, 72–77, 116 S.Ct. 437, 445–46, 133 L.Ed.2d 351, 365 (1995). On the other hand, the § 523(a)(2)(A) general fraud terms, "false pretenses, a false representation, or actual fraud," are common-law terms and their elements are so defined, including a requisite reliance that is only "justifiable." *Id.*

■ Thus, allegations of fraudulent misrepresentation concerning Debtors' financial condition may only be pled under the specific statute, § 523(a)(2)(B). *See In re County of Orange*, 179 B.R. 185, 190 (Bankr.C.D.Cal. 1995) (specific statute takes precedence over a general statute addressing the same subject matter). Count one of the complaint did not meet the requirements for § 523(a)(2)(B).

---

5. We also decline to consider the issue raised in the bankruptcy court's opinion as to the type of damages or loss which can be sustainable under § 523(a)(2) as opposed to 523(a)(6) as being beyond the scope of this appeal.

Therefore, count one could not meet the requirements for § 523(a)(2)(A) because those provisions are mutually exclusive.

McCrary next pled the count one allegations under § 523(a)(6). On these facts, which include an intentional misrepresentation, the elements of § 523(a)(2) would also be required in order to state a cause of action under § 523(a)(6). *Barrack,* 201 B.R. at 989 n. 5; *see also In re Britton,* 950 F.2d 602, 605 (9th Cir.1991)(a "willful and malicious" act is one that the debtor intended to do and which necessarily causes harm to the creditor, but the creditor need not show that the debtor acted with an intent to harm the creditor); *Cecchini,* 780 F.2d at 1443 (intentional act under § 523(a)(6) does not require specific intent to injure); *In re Giangrasso,* 145 B.R. 319, 322–23 (9th Cir. BAP 1992); *In re Klause,* 181 B.R. 487, 493 n. 4 (Bankr. C.D.Cal.1995) (wherein the court states that it "cannot conceive of a fact situation under § 523(a)(2) that would not also support a judgment under § 523(a)(6)").

The bankruptcy court jumped to the unnecessarily broad conclusion, however, that §§ 523(a)(2) and (a)(6) must be mutually exclusive. The bankruptcy court's broad holding that fraudulent misrepresentation claims could never be brought under § 523(a)(6) was unnecessary because in this case the allegations in count one of the complaint did *not* meet the required elements under § 523(a)(2). Therefore, count one could not, as a matter of law, meet the requirements of § 523(a)(6). In this respect, the bankruptcy court's specific conclusion was correct that McCrary's fraud claims could not "simply be moved over to Section 523(a)(6)." *Barrack,* 201 B.R. at 992. *See also In re Tallant,* 207 B.R. 923, 933 (Bankr.E.D.Cal.1997) ("[I]f stated orally, a false statement respecting the debtor's financial condition, no matter how egregious, will not render the debt nondischargeable.").

■ We hold that when a claim has been asserted that is required by the plain language of § 523(a)(2) to be brought exclusively under § 523(a)(2)(B), but it fails under that section due to the lack of a writing, then the claim, which is dismissable under § 523(a)(2), cannot state a cause of action under § 523(a)(6). Therefore, the bankruptcy court did not err by determining that the complaint failed to state a claim under § 523(a)(6).

## 2. Count Three: the § 523(a)(2)(A) Claim.

■ In its order on the motion to dismiss, the bankruptcy court focused on the theory that § 523(a)(2) and § 523(a)(6) are mutually exclusive, thus, it did not address the new allegations asserted by McCrary in count three. Count three contained an assertion of nondischargeability based on Debtors' false pretenses, false representations and actual fraud pursuant to § 523(a)(2)(A).

A cause of action lies under § 523(a)(2)(A) if the alleged facts, if true, would support a finding of false pretenses, a false representation or actual fraud "other than a statement respecting the debtor's or an insider's financial condition" under § 523(a)(2)(A). McCrary incorporated the allegations from count one and further alleged that Debtors made false representations and promises to perform under the contract when they had "no intention to perform the obligations required to be performed." In addition, McCrary alleged that Debtors knew they had no ability to perform. McCrary alleged that he relied on those representations and suffered damages.

■ "[A] promise made with a positive intent not to perform or without a present intent to perform satisfies § 523(a)(2)(A)." *In re Rubin,* 875 F.2d 755, 759 (9th Cir.1989). In addition, "where the promisor knew or should have known of his prospective inability to perform," the promise can be found to be fraudulent. *In re Firestone,* 26 B.R. 706, 715 (Bankr.S.D.Fla.1982). The allegation of the promise itself is not a factual allegation. *In re Lund,* 202 B.R. 127, 131 (9th Cir. BAP 1996). McCrary based this claim on the same factual allegations asserted in count one. Hence, the discrete issue in this analysis is whether the factual allegations consisting of oral statements with respect to Debtors' financial condition could sustain a claim of fraudulent promise. Such a claim is not automatically barred under § 523(a)(2)(A) because the fraudulent prom-.

ise is the alleged fraudulent misrepresentation, not the statements concerning Debtors' financial condition.[6]

"Fraudulent intent may be established by circumstantial evidence, or by inferences drawn from a course of conduct." *In re Devers,* 759 F.2d 751, 753–54 (9th Cir. 1985). Therefore, in determining whether the debtor had no intention to perform, a court may look to all the surrounding facts and circumstances. *In re Mereshian,* 200 B.R. 342, 347 (9th Cir. BAP 1996). Debtors' statements concerning their financial condition thus become part of the total circumstances subject to determination at trial. *See In re Ekrem,* 192 B.R. 982, 993 (Bankr. C.D.Cal.1996) (misrepresentations giving a false impression about the debtor's wealth were actionable under § 523(a)(2)(A)).

McCrary alleged that Debtors falsely represented that the down payment would be secured by a lien on an x-ray machine. This was an allegation relevant to § 523(a)(2)(A). *See In re Hospelhorn,* 18 B.R. 395, 398 (Bankr.S.D.Ohio 1981) (debtor knew at the time of the loan that he would not give a first lien to the lender). Allegations concerning Debtors' ability to pay are also relevant to the fraudulent promise analysis. *See In re Lee,* 186 B.R. 695, 699 (9th Cir. BAP 1995) (mere failure to fulfill a promise to pay debt is dischargeable, unless the debtor made the promise while knowing that payment would be impossible).

Nondisclosure of a material fact in the face of a duty to disclose may also be used to establish the requisite reliance and causation elements for actual fraud. *In re Apte,* 96 F.3d 1319, 1323 (9th Cir.1996). One allegation in count three was that Debtors' home was in foreclosure for their failure to make mortgage payments, but Debtors did not disclose that fact.

Because count three alleged facts which, if proven, would state a cause of action for fraudulent promise under § 523(a)(2)(A), the bankruptcy court erred by dismissing count

three of McCrary's second amended complaint.

### 3. Count Two: Abuse of Process

Count two of the second amended complaint alleged damages resulting from abuse of process by Debtors in the state court actions initiated by McCrary. A debt incurred by abuse of process may present a cause of action under § 523(a)(6) either as punitive tort damages or as a sanction. *See In re Abbo,* 192 B.R. 891, 898 (Bankr. N.D.Ohio 1996); *see also In re Zelis,* 66 F.3d 205, 208 (9th Cir.1995) (sanctionable conduct required the plaintiffs to incur unnecessary litigation costs and attorney's fees; sanction award was nondischargeable under § 523(a)(6)).

Under California law the elements of a cause of action for abuse of process are "(1) an ulterior motive in using the process and (2) the use of the process in a wrongful manner." *Abraham v. Lancaster Comm. Hosp.,* 217 Cal.App.3d 796, 266 Cal. Rptr. 360, 378 (1990) (quoting *Drasin v. Jacoby & Meyers,* 150 Cal.App.3d 481, 197 Cal. Rptr. 768, 770 (1984)). Process has been "broadly interpreted to encompass the entire range of procedures incident to litigation." *Younger v. Solomon,* 38 Cal.App.3d 289, 113 Cal.Rptr. 113, 117 (1974). In general, "an action lies only where the process is used to obtain an unjustifiable collateral advantage." *Ion Equip. Corp. v. Nelson,* 110 Cal.App.3d 868, 168 Cal.Rptr. 361, 364 (1980).

To state a claim of abuse of process, there must be an allegation of "some misuse of the process which is beyond its scope ... or a willful act in the use of the process not proper in the regular conduct of the proceeding." *Muller v. Muller,* 206 Cal.App.2d 731, 23 Cal.Rptr. 900, 901 (1962).

McCrary alleged that Debtors filed answers in the breach of contract and unlawful detainer actions solely for delay and had no intention of defending the actions. Filing an answer is the first step in defending one-

---

**6.** Subsequently, the bankruptcy court denied McCrary's motion for leave to file the third amended complaint pursuant to § 523(a)(2)(A) in part because "the gravamen was the alleged false representations about the debtors' financial condition." *See* Transcript of Hearing, December 9, 1996, at 7.

self in a lawsuit. Answering complaints in state court is not the type of process required for an abuse of process claim.

 McCrary also alleged in the second amended complaint that Debtors received an ex parte hearing for the purpose of perpetrating a fraud upon the court. Specifically, Debtors allegedly falsely represented to the court that their vehicle was encumbered by a security interest. Their alleged purpose in this conduct was to gain an advantage over the property by frustrating the execution and judgment enforcement process.

 Courts have inherent power to punish conduct in their court which abuses the judicial process, such as fraud upon the court. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 41–42, 111 S.Ct. 2123, 2131, 115 L.Ed.2d 27 (1991) (affirming court's use of its inherent power to sanction "acts which degrade the judicial system," including fraud and lying to the court). Fraud upon the court is an allegation that supports the "willful act" prong of an abuse of process claim. *Kappel v. Bartlett*, 200 Cal.App.3d 1457, 246 Cal.Rptr. 815, 820 (1988) (holding that the knowing execution of a false declaration of service would constitute the necessary willful act). McCrary's allegation that Debtors lied to gain an advantage over the property that should have been his supports the "ulterior motive" element. *Id.; see also Tranchina v. Arcinas*, 78 Cal.App.2d 522, 178 P.2d 65, 68 (1947) (landlord abused process of a writ of eviction for a purpose forbidden by wartime regulations, *i.e.*, to rent to new tenants instead of to occupy the premises himself).

 The gravamen of this tort is the "misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish." *Arcinas*, 178 P.2d at 67. Filing a motion for an ex parte hearing designed not to defend themselves in the judicial process but to perpetrate a fraud upon the court is an allegation which supported a cause of action for an abuse of process. *See also Thornton v. Rhoden*, 245 Cal.App.2d 80, 53 Cal.Rptr. 706, 717 (1966) (holding that giving notice of a deposition can be "process" for purposes of the tort). Therefore, the bankruptcy court

erred by determining that the complaint did not state a cause of action under § 523(a)(6) for abuse of process.

### 4. Leave to Amend

 The denial of a motion to amend is reviewed strictly in light of the strong policy permitting amendment. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir.1991); *In re Gunn*, 111 B.R. 291, 292 (9th Cir. BAP 1990) ("[L]eave to amend must be given freely when justice requires and refusal should be placed on some valid ground."). In reviewing the bankruptcy court's use of its discretion to deny a motion to amend, the Panel considers the following: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings. *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir.1991), *cert. denied*, 506 U.S. 822, 113 S.Ct. 74, 121 L.Ed.2d 39 (1992). If an amended complaint could not withstand a motion to dismiss for failure to state a claim, it would be futile for the bankruptcy court to allow amendment.

In count one of the third amended complaint, McCrary made the same § 523(a)(2)(A) allegations as he made in count three of the second amended complaint. In denying leave to amend the § 523(a)(2)(A) count, the bankruptcy court gave great weight to McCrary's prior amendments, particularly the second amended complaint which represented an improper attempt to restructure a claim that did not meet the requirements under § 523(a)(2)(B) under § 523(a)(6). The bankruptcy court noted the delay already caused by McCrary. Neither of these factors were relevant to the § 523(a)(2)(A) claim, however, which should not have been dismissed in the second amended complaint.

The second count of the third amended complaint alleged the same albeit slightly more detailed facts concerning the abuse of process claim, but stated that Debtors' conduct was willful and malicious pursuant to § 523(a)(6), rather than as an abuse of process action under state law. Since we have already held that count two and count three of the second amended complaint should not

have been dismissed, the issue of amendment of the § 523(a)(2)(A) claim and the § 523(a)(6) claim for abuse of process may be moot. In any case, we vacate the bankruptcy court's order denying leave to amend, and remand for further proceedings in accordance with this opinion.

### CONCLUSION

The final order denying leave to amend the second amended complaint brought up for review all of the issues raised by the bankruptcy court's earlier dismissal of the second amended complaint. We herein determine that the second amended complaint should not have been dismissed in its entirety.

The fraud allegations of count one of the second amended complaint related to oral representations respecting Debtors' financial condition. The count one claim was required to be brought exclusively under § 523(a)(2)(B), but failed under that section for lack of a writing. Thus, the claim was dismissable under § 523(a)(2) and, therefore, could not state a cause of action under § 523(a)(6). **We AFFIRM the dismissal of count one of the second amended complaint.**

Count two of the second amended complaint presented allegations of abuse of process which would meet the requirements of § 523(a)(6). Furthermore, count three of the second amended complaint alleged facts which if true would sustain a cause of action under § 523(a)(2)(A) for fraudulent promise. Therefore, **we REVERSE the dismissal of counts two and three of the second amended complaint.**

We hereby **VACATE the order denying leave to amend, and REMAND** for further proceedings consistent with this opinion.