[Civ. No. 19729. Second Dist., Div. Three. Dec. 4, 1953.]

THELMA M. BABCOCK, Appellant, v. HARRY BERKSON et al., Respondents.

Clarence Hansen for Appellant.

Avery M. Blount and Hunt & McCann for Respondents.

SHINN, P. J.—Plaintiff brought this action for rescission of an exchange of real properties, for cancellation of deeds, a bill of sale and a promissory note, and for damages for alleged fraud. Defendant Harry Berkson filed a cross-complaint seeking damages for the alleged fraud of plaintiff in the exchange. In a trial to the court the action was dismissed as to all defendants except Harry Berkson, and findings were in his favor on the complaint and against him on his cross-complaint. Plaintiff appeals.

The complaint alleged that in January, 1950, plaintiff owned real and personal property of the value of $55,000, located in the mountainous region of San Bernardino County, with improvements thereon consisting of the equipment of an apple orchard and also a hotel of 13 furnished rooms, together with other structures. Defendant Berkson was the owner of a hotel property located at 1120 South Grand Avenue in Los Angeles. The property was encumbered by a trust deed with an unpaid balance of $58,791.97, payable at the rate of $600 per month including interest, and another trust deed in the sum of $15,678.59, payable $200 per month, including interest. Defendants Ed Chapin and W. F. Bonner were real estate brokers in the employ of Berkson. Pauline Hastings was an employee of defendant Thomas, a real estate broker. All the defendants were charged with fraud in bringing about an exchange of plaintiff's property for that of Berkson. The exchange was consummated on or about February 8, 1950. There was an exchange of possession and on March 23, 1950, plaintiff gave notice of rescission. Before the time of trial plaintiff defaulted in payments on the encumbrances and lost the hotel property through foreclosure.

The complaint alleged that defendants Berkson and Chapin made the following representations, all of which were alleged to have been false and made with intent to deceive plaintiff: (1) That the income from Berkson's hotel for January, 1950, was $2,750, when it was no more than $2,140; (2) that for several years prior to January 1, 1950, the hotel actually averaged income of $93 per day; (3) that the rents received in 1948 amounted to $30,000 gross; (4) that there had been a net profit of $650 a month for the past two years and that such condition would continue in the future; (5) that the hotel was in excellent and first class condition, but that there were large areas of dry rot covered up beyond recognition on cursory examination; (6) that there was plenty of linen and a sufficient number of usable blankets and sheets, whereas, most of the blankets were old, burned and torn, and the sheets, which were in insufficient number, were in almost unusable condition; (7) that the hotel would make plaintiff a net profit of over $7,000 per year; (8) that the lot on which the hotel stood had recently been appraised at $80,000; (9) that Berkson represented there were no vacancies in the hotel, whereas there were many vacancies; and (10) that all the rooms and apartments were in excellent condition and were in the same condition as one or two rooms that were shown

to plaintiff. The court specifically found that each of said allegations was untrue.

In a second cause of action plaintiff sought cancellation of a promissory note which she executed in connection with the exchange in favor of defendant Thomas. The ground upon which cancellation was sought was alleged conspiracy of Thomas with the other defendants to commit the alleged fraud. A separate cause of action sought damages for fraud in the amount of $55,000, as well as cancellation of the note, and there was a prayer also for exemplary damages. The second cause of action was dismissed by plaintiff and in her opening brief she says that a dismissal was filed as to all defendants other than Berkson.

Three points are made on the appeal: (1) That the findings are unsupported by the evidence; (2) the court abused its discretion in denying plaintiff's motion to file a second amended complaint to conform to the proof; and (3) the trial judge was guilty of prejudicial misconduct during the trial.

■ We find no abuse of discretion in the court's refusal to permit an amendment of the complaint to allege that the Berkson Hotel building had been constructed in 1907 rather than in 1915.

■ The presentation of the contention that the findings are not supported by the evidence is entirely inadequate. It is asserted that plaintiff was told the income for January, 1950, was $2,750, when it was no more than $2,139.47. On this point there was a conflict in the testimony of plaintiff and that of Chapin and a Mr. Joyce. Plaintiff asserts that both Berkson and Chapin testified they told plaintiff the gross income for 1948 was $30,000, and that the income was shown to have been only $22,931.31. The exhibit upon which plaintiff relies to substantiate her statement of the income omits the months of January and February, 1948. The average monthly income for the 10 months would indicate an income of $30,000 for the year. Reference is made in plaintiff's brief to the testimony of plaintiff concerning other alleged representations, but without references to the testimony of the defendants and their witnesses on the same subjects. Plaintiff states little of the evidence except that which favors her case. Nevertheless we have made an extensive examination of the reporter's transcript and find that the testimony of plaintiff was contradicted by that of one or more of the defendant's witnesses in all material particulars. At the conclusion of the arguments

the court made a comprehensive summary of the evidence. The allegations of fraud were taken up one by one and the court's decision on each factual issue was stated, with the reasons therefor. The court stated it was satisfied there was no representation that the hotel would average $1.50 per room per day; no representation that the hotel would show a net profit of $650 per month or $7,000 per year; and no evidence that the property had not been recently appraised at $80,000. With reference to the condition of the various rooms in the hotel the court remarked that the building was at least 30 years old and the condition was not materially different from that which had been represented; there was need for repairs and renovation, but not to a greater extent than would be expected in a building of that age which had not been kept in perfect repair. The court also stated that the furnishings, such as sheets and blankets, were in a normal condition for a cheap lodging house, and that they were not in the sad condition described by plaintiff, remarking that if they had been unusable, as plaintiff testified, the hotel could not have been operated as it had been without their having been replaced. The basis of the decision is disclosed in the court's statements: "Now, I am convinced that I must give more credence to the testimony of Mr. Chapin and Mr. Berkson than I can give to that of the plaintiff. Their testimony is corroborated to a much greater extent than is her testimony." With respect to the alleged representations as to the operating revenue and expenses, the court pointed out that the facts known to plaintiff refuted her charges of misrepresentation as to profits the hotel was earning. The court referred to the testimony of plaintiff that before the close of the escrow she knew the monthly expenses normaly to be expected, without replacements of furniture, furnishings, renovation, repair and upkeep, would amount to over $25,000 per year, and the court commented: "It is perfectly apparent from the testimony that she either closed her eyes or she simply refused to consider what the expenses of that hotel would be." The court also commented upon the fact that the evidence did not show that the hotel property was worth less than the property given by plaintiff in the exchange. Plaintiff has not shown in her brief that the court was mistaken in any respect concerning the testimony upon the fraud issue, nor that any statement of the court lacked support in the evidence.

In support of her third point plaintiff quotes a few isolated passages from the testimony which contain questions

asked by the court and comments on the evidence. The judge, during the questioning of plaintiff, made the remark that plaintiff was bound to lose. In her brief this is construed as a reference to the possible outcome of the case, and it is contended that the remark indicated that the court had prejudged the case. It is clear, however, from the record, that the court's remark had reference to the manner in which plaintiff had made her investigation, which was such as to cause the court to believe that she would be likely to lose in the transaction with the defendants. The court also remarked: "Then, madam, there's not much a court can do to protect you." This remark also was prompted by the testimony of plaintiff from which it clearly appeared that she made little effort to avail herself of the opportunities she had for investigation of the Berkson property in its earnings.

■ We are asked in plaintiff's brief to read the entire reporter's transcript of 780 pages in order to become better acquainted with the testimony and the alleged misconduct of the trial judge. Although the invitation is one which we were under no compulsion to accept (*Guardianship of Di Carlo,* 3 Cal.2d 225, 233 [44 P.2d 562, 99 A.L.R. 990], we have read the record in order to satisfy ourselves as to the merits of plaintiff's case in all of its phases. We find that the charge of misconduct is unfounded. The transaction in question was one which would naturally excite the sympathy of the court and if, as plaintiff complains, the court exhibited a sceptical attitude toward the merits of her case it was because of what the court considered to have been the careless and inadequate manner in which she investigated the Berkson property. The statements indicated no more than that the court had gained impressions from the testimony of plaintiff as the trial progressed, although it also appears that the court was not satisfied with her testimony concerning the alleged misrepresentations. ■ If it is wrong for a trial judge to disclose that he is impressed favorably or unfavorably with testimony as it is given it would be equally wrong for him to be impressed—a manifest absurdity. ■ None of the court's comments tended to show bias or prejudice, nor that the court failed to give to the evidence of plaintiff the judicial consideration which it deserved.

As previously stated Berkson filed a cross-complaint alleging that he had been defrauded in the transaction. He has not appealed from an adverse judgment on the cross-complaint.

The action was fully and fairly tried, as evidenced by the lengthy reporter's transcript. We are asked to reverse the judgment by holding that plaintiff's charges of fraud were established as a matter of law. ■ Of course we may not disturb findings that have substantial support in the evidence, and when we have concluded there was substantial evidence to support the material findings further discussion of the evidence would be fruitless. That plaintiff has suffered a grave misfortunte cannot be questioned. Her investigation of the Berkson property was casual and evidenced a striking incapacity for the business she undertook and also a hazardous degree of credulity. Yet notwithstanding the comments to that effect which the court made, it was also clearly stated by the court that plaintiff had a right to rely upon any representations made by the defendants as to matters concerning which they had superior knowledge. It is apparent from the record that the judgment would have been different had the court given greater credence to the testimony of plaintiff that the defendants made the misrepresentations to which she testified.

■ As to plaintiff's final appeal: "Let justice be done tho the Heavens Fall," we reply that justice cannot be accomplished by disregarding established rules of procedure or the constitutional limitations upon the jurisdiction of a reviewing court.

The judgment is affirmed.

Wood (Parker), J., concurred.

Vallée, J., concurred in the judgment.

A petition for a rehearing was denied December 28, 1953, and appellant's petition for a hearing by the Supreme Court was denied January 27, 1954.