[Civ. No. 19072.   First Dist., Div. Two.   Jan. 13, 1961.]

KURT G. SCHMITZ, Appellant, v. T. WETZEL et al.,
Respondents.

Paul I. Myers, Jr., for Appellant.

Goldberg & Brandis for Respondents.

KAUFMAN, P. J.—This is an appeal from a judgment in favor of the respondents-buyers in an action on a contract for the sale of the appellant's business. The only arguments on appeal are that the trial court erred in excluding certain evidence and in deciding the case before submission.

The record reveals the following: On March 25, 1958, the appellant, by written agreement, contracted to sell his sausage manufacturing business, Prime Sausage Products, together with all furniture, furnishings and equipment, the trade name and good will of the business, and the parcel of real property on which the business was located at 1726 Mission Street in San Francisco, to the respondents. The contract price was $43,500. The respondents paid this amount and took possession of the premises. The agreement also provided that on the effective date of the sale, an inventory of merchandise would be taken and that the respondents would pay the appellant the wholesale cost of the inventory, in addition to the purchase price.

At the time of the inventory, the parties agreed to the itemized prices thereof and that the additional sum of $1,525.47 was due to the appellant after certain offsets. Inventory was also taken of stationery and miscellaneous supplies (labels, wrappers, etc.), valued by the appellant at approximately $2,000. Respondents did not agree to these items and denied that under the terms of the agreement, they were also obligated to buy these supplies. Thereafter, the appellant refused to accept the $1,525.47 in full settlement and filed this action requesting judgment in the amount of $4,505.38 which included the $1,525.47, the disputed amount for the miscellaneous supplies, and an additional amount for five ray lamps. The complaint also alleged mutual mistake and fraud and requested reformation of the contract.

The trial court found that the parties agreed that the respondents were to pay an additional sum of $1,525.47 for certain enumerated and itemized merchandise belonging to the business and located on the premises, and that the parties never negotiated or agreed that the respondents would pur-

chase any other merchandise or supplies. The trial court then concluded there was neither mistake nor fraud involved in the agreement, that reformation was not required, that the ray lamps were an integral part of the real property purchased by respondents, and rendered a judgment in favor of the appellant in the sum of $1,525.47.

The first argument on appeal is that the trial court erred in excluding certain evidence offered by the appellant to show that the written agreement did not correctly set forth the understanding of the parties. Appellant argues that the parties intended that the respondents pay for the inventory on hand in addition to the $43,500 purchase price. There is no merit in this argument. The agreement provided that the respondents would buy from the appellant his "inventory of merchandise at wholesale cost." During the negotiations leading to the agreement, handwritten and typed memorandums were used. In these memorandums, the term used was "inventory on hand." The written agreement of March 25, 1958, referred to the term "inventory of merchandise." The line of questioning excluded by the trial court was related to appellant's understanding of the agreement. When the terms of an instrument have been reduced to writing and are not ambiguous, any extrinsic evidence is excluded unless the validity of the agreement is in dispute or a mistake or imperfection of the writing is put in issue. (Code Civ. Proc., § 1856; Civ. Code, § 1625.) Appellant argues that the evidence was admissible as it related to mistake. We cannot agree. The evidence offered related to the appellant's intention, and was clearly not admissible. A contract cannot be varied by the undisclosed intention of one of the parties. (*Bell* v. *Minor,* 88 Cal.App.2d 879, 882 [199 P.2d 718].) "[W]here the terms of an *agreement* are set forth in writing, and the words are not equivocal or ambiguous, the writing or writings will constitute the contract of the parties, and one party is not permitted to escape from its obligations by showing that he did not intend to do what his words bound him to do." (*Brant* v. *California Dairies, Inc.,* 4 Cal.2d 128, 134 [48 P.2d 13].) The evidence was, therefore, properly excluded.

Furthermore, the record indicates that the appellant testified as to all of the conversations and events between the parties leading up to the agreement as well as all dealings concerning individual items. Needless to say, some of the evidence was conflicting; it was for the trial court to resolve the conflicts in the testimony and its findings cannot

be rejected on appeal unless there is an abuse of discretion. (*Albertson* v. *Raboff,* 185 Cal.App.2d 372 [8 Cal.Rptr. 398].) We can find no abuse of discretion or error here.

The second argument on appeal is that the trial court decided the case before submission. This contention is equally without merit. The argument is based on comments by the court, made before the conclusion of the testimony of appellant's second witness.

Appellant argues that the remarks clearly indicate that the remarks of the court made during the introduction of the evidence precluded him from a full hearing before judgment as the court prejudged the issues before all the evidence had been presented. We cannot agree. The statements indicated no more than that the court had gained impressions from the testimony as the trial progressed. If it is wrong for a trial judge to disclose that he is impressed favorably or unfavorably with testimony as it is given, it would be equally wrong for him to be impressed—a manifest absurdity. None of the court's comments tended to show bias or prejudice, nor that the court failed to give the evidence the judicial consideration it deserved. (*Babcock* v. *Berkson,* 121 Cal.App.2d 710, 715 [264 P.2d 155].)

Respondents argue that this is a frivolous appeal justifying an award of extra costs to them, pursuant to rule 26(a) of the Rules on Appeal. We do not find in the instant case such a lack of good faith or the necessity of discouraging like conduct in the future, as is usually present in cases where a penalty is appropriate. (*Cf. Muller* v. *Muller,* 174 Cal.App.2d 517 [345 P.2d 29] ; *Taliaferro* v. *Taliaferro,* 178 Cal.App.2d 140 [2 Cal. Rptr. 719].)

No prejudicial error appearing, the judgment is hereby affirmed.

Draper, J., and Shoemaker, J., concurred.