Filed 7/8/20

**CERTIFIED FOR PUBLICATION**
IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SECOND APPELLATE DISTRICT
DIVISION FOUR

| | |
|---|---|
| JOSEPH MARTINEZ, | B296858 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC712582) |
| v. | |
| BARONHR, INC., et al, | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Maureen Duffy-Lewis Judge. Reversed and remanded for further proceedings.

Lewis Brisbois Bisgaard & Smith, David L. Martin and Anne M. Turner for Defendants and Appellants.

The Bloom Firm and Raquelle de la Rocha for Plaintiff and Respondent.

# INTRODUCTION

What if neither party to an arbitration agreement places initials next to a jury waiver contained in the agreement, even though the drafter included lines for their initials? On the facts of this case, we conclude the lack of initials is of no legal consequence.

Here, when appellants BaronHR, Inc., BaronHR, LLC, Fortress Worldwide, Inc. and Luis Perez (collectively BaronHR), hired respondent Joseph Martinez, both Martinez and an employer representative signed an arbitration agreement, but neither initialed a jury waiver included in the agreement. Later, Martinez filed an employment-related lawsuit against BaronHR, who then moved to compel arbitration. For reasons discussed below, we conclude the court erred in denying the motion to compel arbitration, reverse the court's order, and remand for further proceedings.

# FACTUAL AND PROCEDURAL BACKGROUND

BaronHR is an employment staffing company that recruits candidates for commercial, administrative and health care positions. BaronHR hired Martinez as a sales manager and gave him several employment-related documents, including an arbitration agreement. Martinez signed all of the documents the same day he was hired.

Martinez filed a complaint asserting 18 employment-related causes of action stemming from BaronHR's alleged discriminatory and retaliatory mistreatment of him. BaronHR moved to stay the lawsuit and to compel arbitration, arguing Martinez was bound by the arbitration agreement.

The arbitration agreement, entitled "Mutual Agreement to Arbitrate Claims," consists of three typed pages in which BaronHR is referred to as "Employer or Company" and Martinez as "Employee." The first sentence of the agreement states Employer and Employee "mutually agree that they shall resolve by final and binding arbitration any and all claims or controversies for which a court or other governmental dispute resolution forum otherwise would be authorized by law to grant relief in any way arising out of, relating to, or associated with Employee's application for employment with Employer, Employee's employment with Employer, or the termination of any such employment . . . This Agreement shall be effective on the date it is signed by Employee."

The third paragraph of the agreement is the subject of the motion to compel. It consists of two sentences: "Employer and Employee each agree that arbitration, as provided for in this Agreement, shall be the exclusive forum for the resolution of any covered dispute between the parties. **In agreeing to arbitration, both Employer and Employee explicitly waive their respective rights to trial by jury**." (Original emphasis.) Next to the bolded sentence, in the right-hand margin, "INITIAL:" is written. (Capitalization as in the original.) Beneath that is a short line. Neither a representative of BaronHR nor Martinez initialed the "INITIAL" line.

The second paragraph of the third page of the agreement provides, in part: "This is the complete agreement of the parties on the subjects of arbitration of claims and waiver of trial by jury."

The final portion of the agreement, which we will refer to as the certification paragraph, contains a second express jury

3

trial waiver which reads: "**EMPLOYEE'S CERTIFICATION OF UNDERSTANDING OF AGREEMENT** EMPLOYEE'S SIGNATURE BELOW CONFIRMS THAT EMPLOYEE HAS READ, UNDERSTANDS, AND AGREES TO BE LEGALLY BOUND BY, ALL OF THE TERMS OF THIS AGREEMENT.[¶] EMPLOYEE SHALL NOT SIGN UNTIL EMPLOYEE HAS READ AND UNDERSTANDS THE ENTIRE AGREEMENT. AFTER SIGNING THIS AGREEMENT, EMPLOYEE HAS NO RIGHT TO PURSUE CLAIMS AGAINST THE COMPANY IN COURT AND BEFORE A JURY, BUT ONLY THROUGH THE ARBITRATION PROCESS." (Original emphasis, underscoring and capitalization.)

Directly underneath the certification paragraph are two separate sets of three lines. One set is for "Employee" and the other is for "Authorized Company Representative." The three lines provide space for the Employee and Authorized Company Representative to sign, print their names, and insert the date. Martinez signed, printed his name, and wrote the date, "5/3/17," on the first set of lines. Julie Schlotterback, BaronHR's authorized representative, signed, printed her name, and wrote the date, "5/9/17," on the second set of lines.

Martinez opposed BaronHR's motion to compel arbitration. In support of his opposition, Martinez attached a declaration stating in relevant part: "[¶] 4. I remember coming across the arbitration agreement and pausing at the bolded paragraph which asked for an initial in the blank space to waive a jury trial. [¶] 5. Due to my experience as a professional in the industry, it was my belief and understanding that arbitration was not as beneficial to employees where employers have exhibited harmful activity. [¶] 6. I did not want to initial a statement agreeing to

4

waive jury trial and I did not initial the statement agreeing to waive a jury trial."

BaronHR filed a reply brief but did not object to Martinez's declaration. The trial court denied the motion to compel arbitration, explaining that while there was "no ambiguity in the language" of the agreement, there was "ambiguity" about whether Martinez in fact agreed to arbitrate and waive his right to a jury trial. BaronHR timely appealed, and the court issued a stay.

## DISCUSSION

### A.  Standard of Review

An order denying a motion to compel arbitration is an appealable order. (Code Civ. Proc. § 1294, subd. (a).) As a preliminary matter, the parties dispute the appropriate standard of review. According to BaronHR, there are no factual disputes and we should thus review the denial of the motion to compel arbitration de novo. (*Franco v. Greystone Ridge Condominium* (2019) 39 Cal.App.5th 221, 227 ["'[I]f the court's denial rests solely on a decision of law, then a de novo standard of review is employed. . . .'"].) Martinez argues the trial court found there was insufficient evidence of mutual assent in light of his omitted initials and declaration. (*Ibid.* [If the trial court's decision on arbitrability "' . . . is based on a decision of fact, then we adopt a substantial evidence standard. [Citations.]'"].)

The issue before the trial court was whether mutual assent existed, which is a question of fact. (*Alexander v. Codemasters Group Limited* (2002) 104 Cal.App.4th 129, 141.) In determining there was no mutual assent, the trial court relied on extrinsic evidence produced by Martinez and made an implied credibility finding from that evidence that Martinez did not want to

5

arbitrate when he signed the agreement. Accordingly, we apply the substantial evidence standard of review. "'We must accept the trial court's resolution of disputed facts when supported by substantial evidence; we must presume the court found every fact and drew every permissible inference necessary to support its judgment, and defer to its determination of credibility of the witnesses and the weight of the evidence. [Citation.]' [Citation.]" (*Engineers & Architects Assn. v. Community Development Dept.* (1994) 30 Cal.App.4th 644, 653.)

## B. Mutual Assent

"In California, '[g]eneral principles of contract law determine whether the parties have entered a binding agreement to arbitrate.' [Citations.]" (*Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 236.) "An essential element of any contract is the consent of the parties or mutual assent. [Citations.]" (*Donovan v. Rrl Corp.* (2001) 26 Cal.4th 261, 270, Civ. Code §§ 1550, 1565.) The parties' mutual intent is to be ascertained solely from the contract that is reduced to writing, if possible. (Civ. Code § 1639, *Palmer v. Truck Ins. Exchange* (1999) 21 Cal.4th 1109, 1115.) The contract language controls if it is clear and explicit. (Civ. Code § 1638; *Palmer, supra,* at p. 1115.) "Mutual assent is determined under an objective standard applied to the outward manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions or understandings. [Citation.]" (*Alexander v. Codemasters Group Limited, supra,* 104 Cal.App.4th at p. 141.)

The language of the agreement between Martinez and BaronHR establishes their mutual assent to submit employment-related disputes to arbitration and to waive the right to jury trial.

6

As noted, three separate terms of the agreement acknowledge in explicit and unmistakable language the parties' mutual intent to arbitrate all disputes; two of those terms also acknowledge the parties' mutual intent to waive their right to jury trial. Among them, is the uninitialed third paragraph with its boldface jury waiver: "Employer and Employee each agree that arbitration, as provided for in this Agreement, shall be the exclusive forum for the resolution of any covered dispute between the parties. **In agreeing to arbitration, both Employer and Employee explicitly waive their respective rights to trial by jury.**"

Martinez does not dispute he signed the agreement. He is, therefore, deemed to have assented to all its terms. (*Martin Storage & Trucking, Inc. v. Benco Contracting & Engineering, Inc.* (2001) 89 Cal.App.4th 1042, 1049 [Generally, "one who signs an instrument, which on its face is a contract, is deemed to assent to all its terms."].) Moreover, as the certification paragraph makes explicit, in signing the agreement, the employee "agrees to be legally bound by *all of the terms* of this agreement," which includes the third paragraph, and the employee "*has no right to pursue claims* against the company *in court and before a jury* but only through the arbitration process." (Italics added.) This paragraph is prominently displayed in all capital letters and is located immediately above Martinez's signature.

Martinez claims "[b]y withholding his initials, [he] was manifesting his intent not to agree to arbitrate," citing this court's decision in *Esparza v. Sand & Sea, Inc.* (2016) 2 Cal.App.5th 781, 788 (*Esparza*). However, *Mitri v. Arnel Management Co.* (2007) 157 Cal.App.4th 1164 (*Mitri*), upon which *Esparza* relies, is inapposite. In *Esparza*, the employee received an employee handbook, which contained an arbitration

7

provision. (*Esparza, supra,* 2 Cal.App.5th at pp.784-785.) On the first page of the handbook was a "'welcome letter,'" which stated the handbook was "'not intended to be a contract (express or implied), nor is it intended to otherwise create any legally enforceable obligations on the part of the Company or its employees.'" (*Id.* at p. 784, italics omitted.) The employee signed a form acknowledging she had received the handbook, which mentioned the arbitration provision as one of the Company's "'policies, practices, and procedures[.]'" (*Id.* at p. 783.) On appeal from the denial of the Company's motion to compel arbitration, a different panel of this court concluded the employee handbook's disclaimer of "'. . . any legally enforceable obligations,'" the emphasis upon its informational purpose, and the recognition that employees would not have read it when they signed the policy acknowledgment form precluded a finding the parties agreed, expressly or impliedly, to arbitrate disputes. (*Id.* at pp. 789-791.)

Similarly, in *Mitri v. Arnel Management Co., supra,* 157 Cal.App.4th 1164, the employee handbook contained an arbitration policy stating employees would be obligated to sign a separate arbitration agreement. (*Id.* at pp. 1167-1168.) The two affected employees did not sign the separate agreement. (*Id.* at p. 1168.) The appellate court concluded there was no binding agreement, because the employees had not consented to be bound by the arbitration agreement. *(Id.,* at p. 1173.)

Neither *Esparza* nor *Mitri* apply to the situation in this case: an employee's execution of a stand-alone arbitration agreement unequivocally expressing the employee's agreement to the employer's arbitration policies. Nor has Martinez cited any cases holding the failure to initial a provision in such an

8

agreement invalidates it. We found only one published case that is instructive.[1] In *Elsken v. Network Multi-Family Sec. Corp.* (10th Cir. 1995) 49 F.3d 1470 (*Elsken*), the plaintiff, an administrator of a murdered woman's estate, filed suit against a security alarm corporation alleging breach of contract and negligence, among other claims. (*Id.* at p. 1472.) The murder victim, in an unsuccessful attempt to rent a safe apartment, had contracted for a twenty-four hour alarm system from the corporation at the same time she signed her rental lease. (*Elsken*

---

[1] BaronHR cites three unpublished federal district court opinions that are persuasive. (*Haligowski v. Superior Court* (2011) 200 Cal.App.4th 983, 990, fn. 4 ["Unpublished federal opinions are "'citable notwithstanding [Cal. Rules of Court, rule 8.1115] which [ordinarily] only bars citation of unpublished *California* opinions. . . ." [Citations.]'" (Original italics.).]) In *Anderson v. Pitney Bowes, Inc.* (N.D.Cal., May 4, 2005, No. C04-4808) 2005 U.S. Dist. Lexis 37662 (*Anderson*), *Burgoon v. Narconon of N. Cal.* (N.D.Cal., Jan. 15, 2016, Case No. 15-cv-01381) 2016 U.S. Dist. Lexis 5489, and *Hartung v. J.D. Byrider, Inc.* (E.D.Cal., Oct. 16, 2008, 1:08-cv-00960) 2008 U.S. Dist. Lexis 86972 (*Hartung*), the courts held the failure to initial a specific arbitration provision in a signed agreement was not dispositive of mutuality. In *Anderson*, the employee signed an application requiring arbitration as a condition of employment and an arbitration agreement containing, in addition to the uninitialed arbitration provision, an express jury trial waiver in the final paragraph above the signature line. (*Anderson, supra,* at pp. 1-3.) In *Hartung*, although the purchaser signed the retail installment contract, she failed to initial the arbitration provision. (*Hartung, supra,* at p. 4.) However, the purchaser initialed and signed a companion document entitled "Buyer's Statement of Understanding," which stated her understanding the contract contained an arbitration provision. (*Id.* at p. 8.)

9

*v. Network Multi-Family Sec. Corp.* (10th Cir. 1995) 49 F.3d 1470, 1472.) "The Services Agreement contained an indemnity clause and a limitation" of liability clause. (*Ibid.*) Although the victim "signed the contract, she did not initial the reverse side of the Services Agreement[]" where the limitation of liability clause was located. (*Ibid.*) The victim's signature on the agreement was placed directly below a provision referencing the limitation of liability claim. (*Id.* at p. 1474.)

The plaintiff argued, in part, because the victim did not initial the limitation of liability clause, it was not in effect because she did not agree to it. (*Elsken*, *supra*, 49 F.3d at pp. 1473-1474.) The circuit court rejected this contention, finding the contract itself, which the victim signed, advised her of the terms on the back page of the agreement. (*Id.* at p. 1474.) The *Elsken* court found the signature directly above a reference to the provision meant the victim agreed to the contract in its entirety, including the limitation of liability clause which she failed to initial. (*Ibid.*)

We find this analysis persuasive. As in *Elsken*, Martinez's signature is adjacent to the certification paragraph, which refers to all terms of the agreement sought to be enforced. In this situation, that Martinez did not *also* initial the subject paragraph does not provide a basis for concluding the parties did not mutually assent to the arbitration agreement.

Martinez points to his declaration as, "at a minimum," resolving any ambiguity in the agreement caused by the omission of his initials. But as discussed previously, the language of the signed agreement is not ambiguous. It is an objective expression of the parties' mutual assent to arbitrate.

Martinez attempted to create ambiguity with his previously undisclosed assertions he did not want to arbitrate or waive his jury trial right when he signed the agreement. We defer to the trial court's finding the declaration was credible. The court, however, should not have considered Martinez's unexpressed intentions as evidence of the lack of mutual assent. The law is well-settled that unexpressed subjective intentions are irrelevant to the issue of mutuality. (*Reigelsperger v. Siller* (2007) 40 Cal.4th 574, 579-580 ["uncommunicated subjective intent is irrelevant" to mutual assent, which is determined from reasonable meaning of parties' words and actions], *Hilleary v Garvin* (1987) 193 Cal.App.3d 322, 327 [because "existence of mutual assent is determined by objective criteria[,]" uncommunicated subjective intent is irrelevant], *Schmitz v. Wetzel* (1961) 188 Cal.App.2d 210, 212 ["'[Where] the terms of an agreement are set forth in writing, and the words are not equivocal or ambiguous, the writing or writings will constitute the contract of the parties, and one party is not permitted to escape from its obligations by showing that he did not intend to do what his words bound him to do.' [Citation.]" (Italics omitted.)].) This is substantive contract law, so the employer's failure to object to Martinez's declaration did not permit the court to consider his unexpressed intent when construing the contract.

*Reigelsperger v. Siller, supra,* 40 Cal.4th 574, is illustrative. A patient entered into an arbitration agreement with a chiropractor for lower back pain treatment. (*Id.* at p. 576.) The agreement stated it applied to the patient's treatment "now *or in the future*[.]" (*Id.* at p. 577 (Original emphasis).) Two years later, the patient returned to the chiropractor, this time seeking treatment involving the cervical spine and shoulder. (*Ibid.*) The

11

patient filed a lawsuit, alleging this most recent treatment was negligent. (*Id*. at pp. 577.) The trial court denied the chiropractor's motion to compel arbitration, and the Court of Appeal affirmed the order. (*Ibid*.) In reversing the Court of Appeal, the California Supreme Court concluded the wording of the agreement was dispositive, noting the agreement stated it "' . . . is intended to bind the patient and heath care provider . . .who now *or in the future* treat[s] the patient . . .' . . . To contradict this objective manifestation of the parties' intent to arbitrate, [the patient] asserts that he had not intended to return to [the chiropractor] for treatment. However, his uncommunicated subjective intent is irrelevant. [Citations.] . . . Regardless of whether [the patient] had a present intention to return for treatment, he agreed that if he *did* decide to do so, the arbitration provision . . . would apply to a future dispute." (*Id*. at pp. 579-580 (Original emphasis).) Thus, Martinez's declaration is insufficient evidence as a matter of law.

The trial court erred in denying BaronHR's motion; the parties are required to arbitrate.

## DISPOSITION

The order denying the motion to compel arbitration is reversed. The cause is remanded for further proceedings consistent with this opinion. Appellants are awarded their costs on appeal.

CURREY, J.

We concur:


WILLHITE, Acting P.J.


COLLINS, J.

13